The Southern Express Company *vs.* Connor.

assume that it was so rendered: *Hunter vs. Davis*, 19 *Georgia Reports*, 413.

Let the judgment of the Court below be reversed.

THE SOUTHERN EXPRESS COMPANY, plaintiff in error, *vs.* MARTIN CONNOR, defendant in error.

1. Where an action was instituted in the name of a plaintiff who was adjudicated a bankrupt pending the suit, and the trustee selected by the creditors, with knowledge of such suit, did not have himself made a party, but consented that the suit proceed in the name of the original plaintiff, and no exception was made to the Court's allowing the case so to proceed, but the defendant excepted to the refusal of the Court to charge the jury that if they gave a verdict for the plaintiff, they should find for him for the use of the trustee:

*Held,* That it was not error in the Court to refuse so to charge.

2. The right of the trustee, if he has any, to the money when paid, or of the defendants, to be protected in paying it to the proper party, may be secured by proper steps being taken for that purpose.

Bankrupt. Parties. Pleading. Before Judge JOHNSON. Muscogee Superior Court. October Term, 1872.

Connor brought suit against the Southern Express Company for $1,500 00 damages, alleged to have been sustained on account of the negligent loss of goods by the defendant, which it had contracted to transport from the city of Savannah, in the State of Georgia, to the city of Columbus, in said State.

The defendant pleaded in abatement, that since the commencement of said suit, to-wit: on December 26th, 1868, the said plaintiff, for himself, and as a member of the firm of M. Connor & Company, filed his petition in bankruptcy in the United States District Court for the Southern District of Georgia, and in his schedule of assets was embraced the suit aforesaid; that under said proceedings in bankruptcy, Gabriel Zeigler was appointed trustee by order of the Bankrupt Court, and on April 16th, 1869, all the right, title and interest

of said plaintiff in the suit was conveyed to said trustee for the benefit of the individual creditors of the plaintiff, as well as of the creditors of the aforesaid firm of M. Connor & Company; that said suit is being now prosecuted by the plaintiff against the consent of said trustee, for his individual benefit, in violation of said trust and in fraud of his creditors.

The defendant filed, also, the general issue. What disposition was made of the plea in abatement, the record fails to disclose, but it is to be inferred that it was stricken on demurrer, leaving the case before the jury on the second plea.

So far as the question of the bankruptcy of the plaintiff is concerned, which is the only point now involved in this case, the evidence shows the facts to be as stated in the plea, with this exception: that the charge that the suit was proceeding in the name of the plaintiff without the consent of the trustee, was untrue, for the testimony demonstrated the very reverse to be the fact, to-wit: that the trustee agreed with the plaintiff that he should proceed with the suit for his own benefit, if he would turn over to said trustee a certain note, to which condition the plaintiff assented.

The defendant requested the Court to charge the jury as follows: "If they find for the plaintiff, to render their verdict for the use of Gabriel Zeigler, trustee, if the evidence shows that said Gabriel Zeigler was appointed trustee, and this claim was among the assets transferred to him, and it does not appear that a transfer to the plaintiff has been made with the consent of the committee appointed under the proceedings in bankruptcy."

The Court refused so to charge, and the defendant excepted.

The jury found for the plaintiff $1,076 52.

The defendant assigns error upon the aforesaid ground of exception.

R. J. Moses, for plaintiff in error.

Henry L. Benning; Peabody & Brannon; Joseph F Pou, for defendant.

Campbell & Jones *vs.* Bowen & Bird.

TRIPPE, Judge.

The trustee selected by the creditors was aware of the pendency of the suit in the name of the bankrupt, and consented that it should proceed in the name of the original plaintiff. No exception was taken to the Court's allowing the case to be tried as it was instituted. The objection is that the Judge refused to charge the jury that if they rendered a verdict against the defendant, it should be for the use of the trustee. Beside the anomaly of a verdict being for one, or for his use, who is not a party of record, we do not think the verdict, as it stands, can endanger the rights of the plaintiff in error. If the trustee be the only person to whom the money can be legally paid, then a payment to him would be a discharge of the debt. In any event, the defendant in the judgment, or the trustee, can have whatever rights either may have fully protected by taking the proper steps for that purpose. There need be no danger of paying the debt twice, and that seems to be all that is apprehended.

Judgment affirmed.