EZEKIEL C. M. RAND, Appellant, *v.* IOWA CENTRAL RAILWAY COMPANY, Respondent.

BANKRUPTCY — AN ADJUDICATED BANKRUPT NOT DIVESTED OF TITLE TO CAUSE OF ACTION UNLESS TRUSTEE HAS BEEN APPOINTED.   A plaintiff is not precluded from recovering in an action for services rendered to the defendant by reason of the fact that he was adjudicated a bankrupt after the cause of action had accrued in his favor and before the beginning of the suit, where no trustee in bankruptcy was ever appointed.

*Rand* v. *Iowa Central Ry. Co.*, 96 App. Div. 413, reversed.

(Argued June 20, 1906; decided October 2, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 2, 1904, affirming a judgment in favor of defendant entered upon a decision of the court at a Trial Term directing that a verdict in favor of plaintiff be set aside and that the complaint be dismissed.

The nature of the action and the facts, so far as material, are stated in the opinion.

*F. K. Pendleton, Aaron P. Jetmore* and *Ellery O. Anderson* for appellant.   The plaintiff by his adjudication in bankruptcy was not divested of title to the claim herein sued upon because no trustee was appointed in the proceeding in whom title vested by virtue of section 70a of the act of 1898. (*Matter of Pease*, 4 Am. Bank. Reg. 578; *McDonnell* v. *Bauendahl*, 4 Hun, 265; *Matter of Eagle*, 5 Am. Bank. Rep. 372; *B. Nat. Bank* v. *Blaker*, 6 Am. Bank. Rep. 19.)   The plaintiff is the real party in interest and entitled to maintain this action against the defendant. (*Fuller* v. *Jameson*, 184 N. Y. 605; *Hunter* v. *Allen*, 106 App. Div. 559; *Sutherland* v. *Davis*, 42 Ind. 26; *Wood* v. *Baker*, 60 Hun, 337.)   The claim that defendant by payment of a judgment herein to plaintiff would not be protected if thereafter sued for the same cause of action by any trustee of the bankrupt estate who might be appointed is without foundation. (*Griffin* v.

*M. L. Ins. Co.*, 11 Am. Bank. Rep. 623 ; *Hunter* v. *Allen,* 106 App. Div. 559 ; *Gilmore* v. *Bangs,* 55 Ga. 404 ; *Thatcher* v. *Rockwell,* 105 U. S. 467 ; *Babbitt* v. *Burgess,* 2 Fed. Cas. 693 ; *Ex parte Forster,* 9 Fed. Cas. 4960 ; *Wood* v. *Baker,* 60 Hun, 337 ; *Coleman* v. *Riggs,* 61 Iowa, 543 ; *La Fontaine* v. *Savings Bank,* 56 Vt. 333.)

*Arthur H. Van Brunt* for respondent.   By his adjudication as a bankrupt, plaintiff was deprived of all right to deal with any property rights of which he was possessed at the time of the filing of the petition.   (*Matter of Gutman,* 114 Fed. Rep. 1009 ; *Matter of Smith,* 132 Fed. Rep. 301 ; *Matter of Mertens,* 134 Fed. Rep. 101 ; *Bank* v. *Sherman,* 101 U. S. 406 ; *Keegan* v. *Keegan,* 3 Am. Bank. Rep. 79 ; *Matter of Winter,* 1 Am. Bank. Rep. 481 ; *Matter of Vogel,* 2 Am. Bank. Rep. 427 ; 3 Am. Bank. Rep. 198 ; *Matter of Rosenberg,* 3 Am. Bank. Rep. 180 ; *Matter of Rogers,* 125 Fed. Rep. 169 ; *Matter of Pekin Plow Co.,* 112 Fed. Rep. 308 ; *Matter of Garcewich,* 115 Fed. Rep. 87.)   Payment of the judgment herein to the plaintiff would not protect the defendant from a claim against any trustee of the bankrupt estate who may be appointed by the bankruptcy court, and, therefore, plaintiff cannot maintain this action.   (*Rand* v. *Sage,* 102 N. W. Rep. 864 ; *Stevens* v. *Mechanics' Savings Bank,* 3 Am. Rep. 325 ; *May* v. *M. Nat. Bank,* 3 Am. Rep. 573 ; *Babbitt* v. *Burgess,* 2 Fed. Cas. 693.)

Willard Bartlett, J.   The plaintiff in this action recovered a verdict of $2,840.00 for services alleged to have been rendered to the defendant corporation.   Notwithstanding the verdict the court at Trial Term, by consent of counsel, entertained and finally granted a motion to dismiss the complaint. The judgment thereupon rendered has been affirmed by the Appellate Division upon the ground that the plaintiff had been divested of all title to the claim in suit by reason of the fact that he was adjudicated a bankrupt after the cause of action had accrued in his favor and before the beginning of

this suit.   The adjudication in bankruptcy was .deemed to have this effect, although no trustee in bankruptcy was ever appointed.

It is apparent from the record that the omission to appoint a trustee must have been due to the failure of the plaintiff to disclose the existence either of this claim or any other property in the bankruptcy proceedings.   While the concealment of any property on the part of a bankrupt must be deemed a reprehensible act as toward his creditors it by no means follows that such concealment has any bearing upon the question as to whether the bankruptcy proceedings have gone far enough to divest the bankrupt of title.   In our judgment the proceedings in the case of the plaintiff had not progressed sufficiently to deprive him of the right to maintain an action in his own name in the state court upon the claim in suit. The Bankruptcy Act of 1898 (section 70) provides that the trustee of the estate of a bankrupt upon his appointment and qualification shall be vested by operation of law with the title of the bankrupt as of the date he was adjudged bankrupt. It is plain that this provision can never become effective until a trustee in bankruptcy shall have been appointed.   Here none was appointed ; hence the conditions did not exist which were requisite to render this provision of section 70 operative.

Such was the view necessarily adopted by this court in affirming the judgment in the case of *Fuller* v. *Jameson* (184 N. Y. 605) where the case turned upon the question whether the title to insured property had been changed by reason of an adjudication in bankruptcy against the owner, the insured property having been burned after the referee in bankruptcy had announced the appointment of a receiver but before the order of appointment was actually signed.   We agreed with the courts below that the bankruptcy proceedings had not gone far enough at the time of the fire to divest the insured of his title.

If that conclusion was correct it follows that the present judgment cannot be sustained.   The proposition of law involved in that decision was that under section 70 of the

Bankruptcy Act of 1898 the appointment of a trustee is essential to divest the bankrupt of a title to his property. As was said by the Supreme Judicial Court of Massachusetts in another litigation growing out of the same fire: "No change of title was effected until the appointment and qualification of the trustee." (_Fuller_ v. _New York Fire Ins. Co._, 184 Mass. 12.)  So here the plaintiff's title to the chose in action, which is the basis of the present suit, did not pass out of him in the bankruptcy proceedings since no trustee was appointed to whom it could pass.

But it is urged that the defendant by payment of a judgment herein to the plaintiff would not be protected if it should thereafter be sued upon the same cause of action by any trustee of the bankrupt estate who might hereafter be appointed. It seems to us that the defendant is not exposed to any serious danger in this respect.  "If in such cases there is a recovery, and any question arises as to the right of the trustee or creditors to the money, or as to the defendant's being protected in paying it to the proper party, this may be secured by subsequent steps being then taken for that purpose." (_Griffin_ v. _Mutual Life Ins. Co._, 11 Am. Bank. Rep. 622.) We see no reason why such steps should not be taken if necessary by means of an application to the Bankruptcy Court.  It may very well be that any sum recovered by the plaintiff in the present action will be held by him as trustee for his creditors; but this is a matter which does not concern the defendant so long as the plaintiff holds the legal title to the claim and the defendant is secured against any possibility of being compelled to pay it twice.

We do not overlook the fact that the conclusion which we have reached upon the principal question presented by this appeal is in conflict with the view expressed by the Supreme Court of Minnesota in _Rand_ v. _Sage_ (102 N. W. Rep. 864); but while entertaining the highest respect for that learned tribunal, we remain satisfied with the correctness of our own decision in _Fuller_ v. _Jameson_ (_supra_), which, as has already been pointed out, is in harmony with the construction put upon

section 70 of the Bankruptcy Act by the Supreme Judicial Court of Massachusetts.

It follows that the judgment of the Appellate Division and the judgment entered upon the dismissal of the complaint must be reversed and a new trial granted, costs to abide the event.

We are asked by counsel for the appellant to direct judgment in favor of the plaintiff upon the verdict, but so far as the action of the trial court and Appellate Division set aside that verdict, it involved a question of fact, and is, therefore, not subject to review by this court, especially as the Appellate Division expressed the opinion that the verdict was against the evidence.

CULLEN, Ch., J., VANN, WERNER, HISCOCK and CHASE, JJ., concur; O'BRIEN, J., absent.

Judgment reversed, etc.