## ACTION AGAINST DEBTOR CORPORATION AFTER PROCEEDINGS IN INVOLUNTARY BANKRUPTCY ARE BEGUN.

### Circuit Court of Cuyahoga County.

### THE SUPERIOR CLOTHING COMPANY v. THE AMDUR BROS. COMPANY.

#### Decided, February 13, 1912.

*Bankruptcy—Involuntary Proceedings—Before Adjudication Bankrupt May Maintain Suit.*

A corporation can maintain an action on a claim due it after proceedings in involuntary bankruptcy have been begun, but before adjudication and appointment of a trustee therein.

*S. A. Grossner,* for plaintiff in error.
*Emil Joseph,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The sole question presented to this court on the argument and by brief is whether, after proceedings in involuntary bankruptcy have been begun against a corporation, but before adjudication and appointment of a trustee therein, said corporation can maintain an action on a claim due it.

We do not think this question was saved on the record in this case. It is not raised by any allegation in the petition or amended answer, nor is there any bill of exceptions showing the evidence taken on the trial, so that we do not know that it was raised in the evidence.

Two days after the trial, a motion for a new trial was filed, and the third day after the trial a motion to set aside the judgment was filed. The latter motion gives three alleged reasons for setting aside the judgment: first, that the plaintiff is not the real party in interest; second, that the note sued on had been transferred to a third party, and third, that the plaintiff had either filed a petition in bankruptcy or been declared an insolvent under the laws of the state of New York, and so could not maintain the action.

Whether evidence was taken on the motion for a new trial, we do not know, but it appears that evidence was taken on the motion to set aside the judgment.

Said motion does not give any statutory ground for setting aside a judgment; it states certain facts which, perhaps, might have been raised on the trial, if the pleadings had been amended so as to raise issues involved in these facts.

There is a bill of exceptions, certifying that on the motion to vacate the judgment an agreed statement of facts was used, but it does not certify that said agreed statement of the facts was all the evidence on the hearing of said motion.

In this state of the record, it would seem idle to try to answer the question submitted on the hearing in this case, but we have examined the authorities cited and conclude that the law is correctly stated by Remington in his valuable work on Bankruptcy, in Sections 1119, 1120, 1121, 1123, as follows:

"The subject of the status of property after the filing of the petition is one upon which neither the law itself nor the decisions are clear, nor always consistent.

"But title does not vest until the trustee's qualification; meanwhile in law the title, although defeasible, remains in the bankrupt.

"The bankrupt himself is a *quasi* trustee of the property and its custodian and caretaker until a trustee, receiver, or some other officer of the court is appointed.

"In the meantime, the bankrupt has sufficient title to maintain suits in his own name, at any rate where no receiver has been appointed or where title and not merely possessory right is essential to maintenance of the suit."

See also *Rand* v. *Railway Co.*, 186 N. Y., 58.

The trial court seems to have followed the law as thus enunciated, and its judgment is affirmed.