[L. A. No. 21843. In Bank. Apr. 27, 1951.]

EDWARD GERING, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Macbeth & Ford, Norman Macbeth and Patrick H. Ford for Petitioner.

Zagon, Aaron & Sandler and Marvin Manuel for Respondents.

EDMONDS, J.—The superior court has refused to hear and decide a suit brought by Edward Gering to recover damages upon the ground that the cause of action, if any, is an asset which belongs to his creditors. The federal court which adjudicated him bankrupt and administered his estate decided to the contrary. The present proceeding has been brought to require the superior court to set the case for trial and render a judgment.

According to the allegations of the complaint, Gering is entitled to damages as the result of a conspiracy occasioned by the loss of his partnership interest in a business. He asserts that his former partners and their landlord accomplished this by a conspiracy which they successfully carried out.

Shortly after he commenced the action, he was adjudicated a bankrupt. In the bankruptcy proceeding, a referee held that Gering's right of action against his former partners and landlord did not pass to the trustee in bankruptcy and was not an asset of the estate. The basis of this determination was that the complaint stated ''a cause of action for damages to an advantageous business relationship and not to an existing property interest which the bankrupt could have disposed of to his advantage. In other words, the alleged wrongful conduct of the defendants . . . interfered with the future earning capacity or power of the bankrupt. Such earning capacity or power is not 'property' until it has created earnings or brought them into existence.'' The order of the referee became final.

After Gering was discharged and the bankruptcy estate closed, Gering's action came on for trial. The defendants filed a supplementary answer in which they pleaded that he has been adjudicated a bankrupt. They then moved the court to stay all proceedings upon the ground that the asset and cause of action automatically passed to the trustee under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. Upon the hearing of that motion, the court held, contrary to the order of the federal court, that the asset had passed to the trustee and the cause cannot be heard until the trustee is substituted as plaintiff. All proceedings were stayed and the cause was ordered off calendar.

Thereafter, Gering moved the court to vacate the prior orders and to restore the cause to the calendar. This motion was denied upon the ground that the proper remedy would be by writ of mandate or by action of the federal court.

In support of the petition for a writ of mandate, Gering contends: (1) Mandamus is the proper remedy, and is the only method available to obtain a review of the order of the trial court; no legal remedy is adequate. (2) Because of the exclusive jurisdiction of the federal courts in bankruptcy matters, the decisions and order concerning the present action are binding upon the defendants and the state court and cannot be attacked collaterally. (3) The order of the superior court stays the proceedings upon a condition which cannot be met, namely, the substitution of a trustee in bankruptcy who the federal court has already decided has no interest in the litigation. (4) Unless it appears that the federal court has directed the trustee to intervene in an action pending in a state court, the defendant may not object to the plaintiff-bankrupt proceeding with the litigation in his own name and upon his own behalf.

Gering presents several reasons in support of his conclusion that mandamus is not only the proper remedy but the only remedy available to review the order of the trial court. He points out that the challenged order is not appealable under the provisions of section 963 of the Code of Civil Procedure. He also asserts that the order of the superior court was in no sense a final judgment. It was not entered in the judgment book (Code Civ. Proc., § 668). It does not rest upon findings of fact and conclusions of law, and they were not waived (Code Civ. Proc., § 632). As a final reason, he says that the order does not purport to settle the disputed questions of fact.

The real parties in interest contend that an appeal from the judgment is an adequate remedy. In that appeal, they argue, Gering may seek a review of all "nonappealable intermediate orders such as the one in question."

The superior court has placed Gering in a position in which he cannot prosecute his action, and he has no remedy unless he can obtain relief by way of writ of mandate. In an application to the federal court to reopen the bankruptcy estate for the purpose of administering upon his alleged cause of action against his partners, he would be met by the determination, long since final, that his creditors have no interest in it. Until he complies with this impossible condition, his action will not be set for trial.

The respondents argue that the order of the superior court was a proper exercise of its judicial discretion which, however erroneous, may not be reviewed or corrected by mandamus. This statement ignores the basic duty of a court

to consider and determine on the merits, all causes of action properly before it and of which it has jurisdiction. The performance of that duty, this court very recently held, "is compellable by mandate. Any other rule would be unjust where the order disposing of the proceeding is nonappealable, because the aggrieved party would have no way of correcting the trial court's error and obtaining a decision on the merits." (*Robinson* v. *Superior Court*, 35 Cal.2d 379, 386 [218 P.2d 10].) General statements, such as the respondents' argument that Gering ". . . seeks to convert his application for this extraordinary writ into a writ of error . . .", were expressly disapproved as being "too broad" and "long ago characterized as inaccurate and misleading." (*Ibid.*)

The respondents make no claim that the subject matter of the alleged cause of action is not within the jurisdiction of the superior court. They contend that because of the asserted defect in the party plaintiff, the action is not properly before the court. In a mandate proceeding, it is argued, the court has no authority to determine the ownership of any right to damages against Gering's partners and to measure the correctness of the challenged order by that determination. Upon that reasoning, Gering has no adequate means of obtaining a decision upon the merits of his case. Such a position clearly is contrary to the views expressed in the Robinson case.

Obviously, the defendants' only legitimate interest in the identity of the prosecutor of the action is to make certain that the claim against them is not enforced by Gering and later by the trustee or Gering's creditors. If the defendants are beyond any reasonable danger of double liability, they may not attack the order of the bankruptcy court declaring that the cause of action in question did not pass to the trustee and is not a part of the bankrupt's estate.

In speaking of actions prosecuted by a trustee in bankruptcy, pursuant to an order of the bankruptcy court, it has been said that a debtor has no standing to object to the allowance of the claim. "A man who owes money cannot object to the debt being assigned. All he has a right to ask is that proper proof of the assignment be shown him before he is asked to pay; the rest is none of his business. That being so, the debtor cannot object to a general transfer of all his creditors' assets, although the assignment may include the particular claim on which he happens to be liable. It is not his affair whether the person to whom he owes the money made the assignment voluntarily or by operation of a statute. It

is enough for him that the assignment was made, and that the trustee who acts under the assignment now demands payment.'' (Glen on Liquidation [1935], § 291, pp. 423, 424.)

Conversely, it is enough for the defendants in the present case that by a final order the cause of action against them was not assigned but determined to be the property of the bankrupt. In *Rand* v. *Iowa Central Ry. Co.*, 186 N.Y. 58, 61 [78 N.E. 574, 116 Am.St.Rep. 530, 9 Ann.Cas. 542], it was argued that ''. . . the defendant by payment of a judgment herein to the plaintiff would not be protected if it should thereafter be sued upon the same cause of action by any trustee of the bankrupt estate who might hereafter be appointed.'' Rejecting this contention, the court replied: ''It may very well be that any sum recovered by the plaintiff in the present action will be held by him as trustee for his creditors; but this is a matter which does not concern the defendant so long as the plaintiff holds the legal title to the claim and the defendant is secured against any possibility of being compelled to pay it twice.'' (See, also, *Johnson* v. *Collier*, 222 U.S. 538, 540 [32 S.Ct. 104, 56 L.Ed. 306]; *Southern Express Co.* v. *Connor*, 49 Ga. 415, 417.)

In the present case, assurance that the defendants are being requested to pay the judgment, if one be rendered, to the proper party is found in the order of the bankruptcy court. The determination that legal title to the cause of action in question is the property of Gering and did not pass to the bankruptcy estate is a final determination. which is admittedly res judicata as to Gering, the trustee, and the creditors. Under these circumstances, the defendants can have no reasonable fear of double liability, and they have no legal standing to demand that the trustee in bankruptcy be substituted as plaintiff in the present action.

Let the writ issue as prayed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.

Schauer, J., concurred in the judgment.