This case involves a motion to dismiss and poses the question whether a release, executed between the trustee in bankruptcy and Jens Virginia Carlsen, discharging the Carlsens from any action by the bankrupt, is a bar prohibiting Chitwood and the Chitwood Corporation from subsequently suing the Carlsens for breach of contract and tortious interference with property.
William Chitwood, The General Store, and Chitwood's True Value Hardware, Inc., allege in their complaint that Carlsen, Carlsen's Hardware, and Carlsen's Pro Mart Home Center, Inc., sold assets of the Carlsen Corporation to Chitwood; that the Carlsens leased to Chitwood and the Carlsens; that, subsequently, the Carlsens forcibly entered the leased premises; and that the Carlsens began operating the hardware business and sold off assets belonging to Chitwood.
Chitwood, The General Store, and True Value Hardware filed petitions in bankruptcy. The trustee of the bankrupt estates, Edward Cooper, executed an agreement which stated:
 ". . . Cooper releases and forever discharges [Jens] Carlsen and Virginia Carlsen, individually and jointly, their heirs, executors, successors and assigns from any and all actions, causes of action, claims, demands, costs, liabilities and/or payment growing out of or encompassed in that certain suit [bankruptcy proceeding] . . . and forever discharges Carlsen and Virginia Carlsen, jointly and separately, their heirs, executors, successors and assigns from any and all action, causes of action, claims, demands, liabilities and/or payments arising from the agreement made and entered into on the 12th day of April, 1974. . . ."
It is the position of the appellee that this release operates as a bar to any action by Chitwood, True Value, and The General Store.
The controlling statute is Section 70a of the Bankruptcy Act which states in pertinent part: *Page 1151 
 "a. The Trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . (5) Property, including rights of action, which prior to the filing of the petition he [Bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered; Provided, That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt, or of a relative, whether or not resulting in death, seduction and criminal conversation, shall not vest in the trustee, unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration or other judicial process . . . (6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his [Bankrupt] property."
Both Sections 70a (5) and 70a (6) contain categories of properties or rights of action which vest in the trustee upon the filing of the bankruptcy petition. It is important to note that, in order for the release executed by the trustee to be valid and binding as a bar to the bankrupt suit, each cause of action alleged must have vested in the trustee. See Collier onBankruptcy, Vol. 4A, ¶ 70.28. It is axiomatic that the trustee cannot release a party from liability if he could not have maintained a suit against the released party in his representative capacity. It is the application of this standard which dictates the necessity of reversing the trial Judge's decree. Paragraph 24 of the appellant's complaint states:
 "Complainant has lost its lease for said hardware business which is worth $500,000 and Plaintiff's business reputation has been seriously damaged:
Plaintiffs have been caused to incur great expense and have lost all of the time and effort that had been put into said projects: Plaintiff has been caused to incur expenses of attorney's fees and has been put to great trouble, inconvenience and expense, and in the final analysis were forced into filing bankruptcy, which was done all as a result of the wrongful acts of Defendants as aforesaid. (emphasis added)"
Because this is a motion to dismiss, the allegations of the complaint must be taken as true, particularly when, as here, the appellees have offered no evidence refuting this claim stated in paragraph 24.
It is settled law that a cause of action for interference with, or loss, of an advantageous business relationship does not pass to the trustee as it involves an injury to future earning capacity rather than to any property of the bankrupt.Boudreau v. Chesley, 135 F.2d 623 (1st Cir. 1943).
In Gering v. Superior Court, 37 Cal.2d 29, 230 P.2d 356
(1951), the Supreme Court of California sustained the bankrupt's right to maintain an action for damages for a conspiracy occasioning the loss of his partnership interest in a business, the bankruptcy court having ruled that it did not pass to the trustee in bankruptcy. The bankruptcy court's rationale was that the cause of action was "for damages to an advantageous business relationship and not to an existing property interest which the bankrupt could have disposed of to his advantage. In other words, the alleged wrongful conduct of the defendants . . . interfered with the future earning capacity or power of the bankrupt. Such earning capacity or power is not `property' until it has created earnings or brought them into existence." 230 P.2d at 356, 357.
Indeed, taking the allegations set out in the complaint as true, as we must do, we find that the plaintiffs have properly set forth a cause of action for interference with a business relationship. This cause of action could not and did not vest with the trustee in bankruptcy. Because the trustee *Page 1152 
had no power to release this cause of action against the appellees, the trial Court erred in granting the defendant's motion to dismiss. Therefore, the decree below is reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.