## JOHNSON *v.* COLLIER.

### ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 104. Argued December 14, 15, 1911.—Decided January 9, 1912.

The bankrupt is not divested of his property by filing a petition in bankruptcy. He is still the owner, holding in trust, pending the appointment and qualification of the trustee, whose title then relates back to the date of adjudication.

Until the election of the trustee, the bankrupt may institute and maintain a suit on any cause of action possessed by him.

161 Alabama, 204, affirmed.

M. B. JOHNSON, as executor, recovered judgment against B. T. Collier, in the City Court of Gadsden, Ala. Execution thereon was levied July 20, 1906, on certain personal property.

Under a provision of the Alabama statute, Collier immediately filed with the sheriff a claim of exemption. On the same day he filed, in the proper District Court of the United States, a voluntary petition in bankruptcy, including this property in his schedule of assets. Notwithstanding the claim of exemption, the sheriff sold the property at public outcry on July 30, 1906.

Thereafter, on a date not shown by the record, Collier was adjudicated a bankrupt. On August 8, 1906, before a trustee was elected, he brought suit against both Johnson and the sheriff for damages, on the theory that the sale of the property after the filing of the claim of exemption made them trespassers *ab initio*. The defendants filed a plea, in which they set up the pendency of the bankruptcy proceedings, and alleged that Collier had no title to the cause of action which was in *gremio legis* until the election of the trustee, and for that reason he could not maintain a suit

for damages occasioned by the unlawful sale of property included in the schedule of assets. A demurrer to this plea was sustained. The jury found a verdict in favor of Collier, which the trial court refused to set aside. This ruling was affirmed, and the case is here on writ of error from that judgment of the Supreme Court of Alabama.

*Mr. George D. Motley* for plaintiffs in error.

*Mr. Amos E. Goodhue* for defendant in error.

MR. JUSTICE LAMAR, after making the foregoing statement, delivered the opinion of the court.

The trustee, with the approval of the court, may prosecute any suit commenced by the bankrupt prior to the adjudication. (§ 11, c.) But the statute is otherwise silent as to the right of the bankrupt himself to begin a suit in the time which intervenes between the filing of the petition and the election of the trustee. There is a conflict in the conclusions reached in the few cases dealing with this question. *Rand* v. *Sage,* 94 Minnesota, 344; *Rand* v. *Iowa Central R. Co.,* 186 N. Y. 58; *Gordon* v. *Mechanics' Insurance Co.,* 120 Louisiana, 441.

While for many purposes the filing of the petition operates in the nature of an attachment upon choses in action and other property of the bankrupt, yet his title is not thereby divested. He is still the owner, though holding in trust until the appointment and qualification of the trustee, who thereupon becomes "vested by operation of law with the title of the bankrupt" as of the date of adjudication. (§ 70.)

Until such election the bankrupt has title—defeasible, but sufficient to authorize the institution and maintenance of a suit on any cause of action otherwise possessed by him. It is to the interest of all concerned that this should be so.

There must always some time elapse between the filing of
the petition and the meeting of the creditors. During
that period it may frequently be important that action
should be commenced, attachments and garnishments is-
sued, and proceedings taken to recover what would be lost
if it were necessary to wait until the trustee was elected.
The institution of such suit will result in no harm to the
estate. For if the trustee prefers to begin a new action in
the same or another court in his own name, the one pre-
viously brought can be abated. If, however, he is of
opinion that it would be to the benefit of the creditors,
he may intervene in the suit commenced by the bankrupt,
and avail himself of rights and priorities thereby acquired.
*Thatcher* v. *Rockwell,* 105 U. S. 467.

If, because of the disproportionate expense, or uncer-
tainty as to the result, the trustee neither sues nor inter-
venes, there is no reason why the bankrupt himself should
not continue the litigation. He has an interest in making
the dividend for creditors as large as possible, and in some
States the more direct interest of creating a fund which
may be set apart to him as an exemption. If the trustee
will not sue and the bankrupt cannot sue, it might result
in the bankrupt's debtor being discharged of an actual
liability. The statute indicates no such purpose, and if
money or property is finally recovered, it will be for the
benefit of the estate. Nor is there any merit in the sug-
gestion that this might involve a liability to pay both the
bankrupt and the trustee. The defendant in any such
suit can, by order of the bankrupt court, be amply pro-
tected against any danger of being made to pay twice.
*Rand* v. *Iowa Central R. Co.,* 186 N. Y. 58; *Southern Ex-
press Co.* v. *Connor,* 49 Georgia, 415.

There was no error in holding that the bankrupt had
title to the cause of action and could institute and main-
tain suit thereon.

*Affirmed.*