**AMERICAN FOODS, Inc., v. DEZAUCHE et al.**

Civil Action No. 3521.

District Court, W. D. New York.

Oct. 16, 1947.

682

rupt on February 24, 1947. One Chatz was appointed trustee of the estate of the bankrupt on March 7, 1947. On May 5, 1947, in the bankruptcy proceedings, an order was entered authorizing the trustee to retain attorneys in this action, and this Order also authorized the payment of moneys "as a retainer for services to be rendered by them in said action as hereinbefore set forth." The defendants herein now apply for an order dismissing this action or in the alternative for an order staying the action and striking certain paragraphs in the Complaint.

The motion to dismiss is based upon the ground that the action is contrary to Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, because the trustee in bankruptcy is vested with title to the action and it is not being prosecuted in the name of the real party in interest. Rule 17(a) requires that every action "shall be prosecuted in the name of the real party in interest."

The rule of law is definitely settled that a trustee in bankruptcy may either continue the prosecution pending when the adjudication was made, consent to its prosecution for the benefit of the bankrupt and not intervene, or he may take no action as to intervention. Johnson v. Collier, 222 U.S. 538, 32 S.Ct. 104, 56 L. Ed. 306; Meyer v. Fleming, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595; In re Prudence Co., 2 Cir., 96 F.2d 157; Paradise v. Vogtlandische Maschinen-Fabrik, 3 Cir., 99 F.2d 53; Sherman v. Buckley, 2 Cir., 119 F.2d 280; Bankruptcy Act, 11 U.S.C.A. § 29, sub. c.; Thatcher v. Rockwell, 105 U.S. 467, 26 L.Ed. 949. The only distinguishing fact in the instant case as regards the rule stated is that the trustee authorized the attorneys in this suit who were attorneys for the debtor in the pending suit to prosecute the suit. Does this fact make the trustee the real party in interest? It seems that the Order aforesaid contemplates the continued employment of the attorneys of record. It reads in part: "The trustee * * * is authorized to retain the firm of ———— to represent the trustee herein and this

Raichle, Tucker & Moore, of Buffalo, N. Y., for plaintiff.

Cook & Cook, by Roger T. Cook, all of Buffalo, N. Y., and Chapman & Cutler, of Chicago, Ill., for defendant John F. Dezauche, Jr.

KNIGHT, District Judge.

This suit was commenced on February 17, 1947, in the Supreme Court of New York State and later was removed on grounds of diversity of citizenship to this court. On February 21, 1947, plaintiff filed a voluntary petition in the District Court of the United States for the Northern District of Illinois and was adjudicated bank-

estate in the aforedescribed action pending in the Supreme Court of the State of New York." The action was then pending in the Supreme Court.

■ It is urged that the defendants lose a substantial right unless the trustee intervenes and that this results because the defendants would not be entitled under Rule 34 to discovery against a party to an action which it would not have against a third party. The trustee is a resident of Illinois and the records said to be sought are in his possession in Illinois. Rule 34 permits discovery and production of documents and things for inspection after notice. This rule is limited to an order to a party to produce or permit inspection. However, the defendants are not remediless in this respect. The defendants can take depositions or written interrogatories, Rule 31(a); procure depositions under Rule 26; may obtain an oral examination under Rule 30, and may require documents to be produced by a subpoena duces tecum, Rule 45.

■ It is said that the attorneys for the plaintiff were not authorized to continue this action in the name of the bankrupt but only to represent the trustee in bankruptcy and those attorneys are now acting outside the scope of their employment. The simple answer to that is that, as stated, the instant attorneys were the attorneys from the commencement of the action. Whether the resolution of the board relative to their employment has any affect and to what extent is a matter for later determination. It may well be assumed the adoption of the resolution may have been made to prevent confusion with respect to the compensation of these attorneys and who would be expected to pay it. If defendants' contention were right, in every action, as this, it would be necessary that the trustee be substituted in order for the estate to benefit. The motion to dismiss the action must be denied.

The second motion is to dismiss for lack of jurisdiction because the plaintiff and the defendants are not residents of the State of New York and that the transactions in question did not occur within this state. This motion was withdrawn.

■ The defendants seek an order staying the action until the plaintiff has furnished security for costs. This is denied. Either the status of the action is the same as it was prior to the filing of the petition, in which event the security could not be required, or else by virtue of the said Order the estate may be liable. Any recovery by the defendants would be a claim against the estate. This motion must be denied.

■ By the fourth motion the defendants move to strike paragraphs Fifth, Sixth, Eleventh and Twelfth of the Complaint because they are contrary to Rule 9(b) of the Federal Rules of Civil Procedure on the ground plaintiff is attempting to allege fraud, but has not done so with the particularity required by the Rule. If insufficient as alleging a cause of action based upon fraud, coupled with the other allegations of the Complaint, it is sufficient as alleging a cause of action on contract. This motion is denied.

An order may be submitted in conformity hereto.