[Civ. No. 17943.   Second Dist., Div. One.   May 17, 1951.]

ARTHUR SHIVELL et al., Respondents, v. JOHN HURD et al., Appellants.

Bodkin, Breslin & Luddy and S. V. O. Prichard for Appellants.

Arthur Shivell, in pro. per., for Respondents.

WHITE, P. J.—Plaintiffs and respondents secured a judgment in 1940 in the Superior Court of Los Angeles County, in the sum of $1,250, for damages to their home and for per-

sonal injuries resulting from acts of the defendants, appellants herein, who, by the erection of artificial barriers across a natural watercourse on their property, caused storm water, earth and debris to be carried upon the property of plaintiffs, which property was located on a slope below the property occupied by defendants and appellants. The judgment was not paid, and on March 15, 1950, plaintiffs moved the court, upon notice, for the issuance of an execution despite the lapse of more than five years, pursuant to the provisions of section 685 of the Code of Civil Procedure, supporting said motion by an affidavit of plaintiff Arthur Shivell. Defendants opposed the motion by a counteraffidavit of defendant John Hurd. This appeal is from the order of the court directing that execution issue.

It is contended by appellants that "upon the basis of the facts which were presented, the trial court in granting the issuance of a writ of execution herein abused sound judicial discretion." ██ ██ The applicable rule is that a judgment creditor seeking to enforce a judgment more than five years after its entry must show that he exercised reasonable diligence to enforce his judgment during the statutory period in which he might have obtained a writ of execution as a matter of right; and whether he exercised such diligence is for the trial court to determine in its discretion, and its decision upon conflicting affidavits will not be disturbed. (*John P. Mills Org., Inc.* v. *Shawmut Corp.*, 29 Cal.2d 863, 864, 865 [179 P.2d 570], and cases cited.)

██ The affidavit of plaintiff Arthur Shivell was to the effect that since the retirement of his attorney, Charles L. Bogue, in 1942, affiant in person and through his agents searched diligently but without success for assets of defendants; that a supplemental examination of the judgment debtor John Hurd in June, 1942, disclosed no assets upon which to levy; that the said John Hurd had stated to affiant that he was "judgment proof." "That affiant has made or caused to be made diligent search for stocks, bonds and savings or bank accounts and for earnings of defendants exceeding the amounts ruled upon in supplementary proceedings to wit: In November, 1943; July, 1944; July, 1945; May, 1946; September, 1947 and October, 1949." It was further averred that the services of collection agencies and credit bureaus disclosed that personal property of defendants was continuously kept subject to chattel mortgages; that Motor Vehicle Department records, examined in 1945, 1947 and 1949, disclosed no

automobile registered to defendants "having an equity sufficient to satisfy said judgment or any portion thereof." Plaintiff also caused examinations to be made of Los Angeles County assessment rolls in 1942, 1945, 1946, 1947 and 1949. In June, 1948, Mutual Credit Bureau, of the city of Los Angeles, reported to affiant that "defendants appeared to have no assets which could be reached to satisfy the said judgment or any portion thereof."

Plaintiff Arthur Shivell further stated in his affidavit:

"That judgment debtors now reside at and own the property at 2220 Ronda Vista Ave., . . . *that said property is homesteaded in the name of Harriett Hurd,* a defendant herein. That plaintiff on or about January 20, 1950 has had an appraisal made of the said property by a competent appraiser. Plaintiff is informed and believes and upon that ground alleges that the said property is reasonably worth the sum of $10,000.00 over and above the amount of exemptions of defendants, to wit: The sum of $20,000.00 . . ." (Emphasis added.)

Appellants' argument is to the effect that plaintiffs failed to exercise due diligence in that they did not attempt to levy upon the real property above described at an earlier date, although they knew that it was owned by the defendants or one of them ever since the commencement of the action. Attacking the sufficiency of the affidavit of Arthur Shivell, appellants point out that there is no allegation as to when the property was first homesteaded or that prior to January, 1950, it was of such little value that the existence of the homestead would preclude collection; that plaintiffs should have inquired periodically as to the value of the property. "For aught that appears by the present record," it is argued, "the property in 1942 when the writ of execution was procured was entirely free, both from a homestead and from any encumbrance."

Defendant John Hurd in his counteraffidavit averred that his wife had owned the property in question for more than 14 years, which fact was known to plaintiffs; that plaintiff's allegations concerning the value of the property were false in that the purchase price thereof was less than $3,000; that its assessed value for the fiscal year 1949-1950 was $2,950; *"the said property is subject to a homestead claimed by my wife and which is recorded and which I am informed amounts to $7,500.00; the said property is also subject to a deed of*

*trust with an unpaid balance of at least $4,025.00."* (Emphasis added.)

It is immediately apparent that in granting the motion for issuance of execution, upon the record before it, the trial court cannot be held to have abused a sound judicial discretion. Defendant John Hurd by his own affidavit has admitted that the property was subject to a homestead and to an encumbrance of $4,025, and further, that the property was originally purchased for less than $3,000. It could well be concluded from the facts admitted that only the phenomenal increase in property values in recent years renders practical the levy of an execution at the present time. The counter-affidavit of defendant John Hurd is significant in what it fails to state—the dates of recordation of the declaration of homestead and the encumbrance on the property, as well as when it might have become of such value as to warrant the levy of an execution in the hope of realizing something above the amounts of the homestead and the encumbrance. Plaintiffs' affidavit, on the other hand, recites facts showing continuous and diligent efforts to discover assets, by private investigations and by supplementary proceedings. The only reasonable assumption, and one which the trial court was entitled to make upon the record before it, is that until the present time the value of the property over and above the homestead exemption and the encumbrance did not warrant a diligent and discerning judgment creditor in subjecting it to execution.

An adequate showing of diligence having been made, and no facts appearing from which it should be concluded in the exercise of a sound discretion, that the judgment should not be carried into execution (*Butcher* v. *Brouwer,* 21 Cal.2d 354, 358 [132 P.2d 205]; *John P. Mills Org., Inc.* v. *Shawmut Corp., supra*), the conclusion of the trial court will not be disturbed.

The order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.