[Civ. No. 19208. Second Dist., Div. One. Jan. 16, 1953.]

ARTHUR SHIVELL et al., Appellants, v. JOHN HURD et al., Respondents.

Arthur Shivell, in pro. per., for Appellants.

S. V. O. Prichard for Respondents.

PATROSSO, J. pro tem.—Plaintiffs in 1940 obtained a judgment against defendants in the sum of $1,250. In March, 1950, plaintiffs moved the court for a writ of execution upon this judgment pursuant to the provisions of section 685, Code of Civil Procedure, which motion was granted and an order was entered directing that such writ issue. From this order, an appeal is taken by the defendants resulting in an affirmance thereof by this court (*Shivell* v. *Hurd,* 104 Cal. App.2d 291 [231 P.2d 595]). Following the filing of the remittitur in the superior court a writ of execution was issued

and levied upon a parcel of real property of the defendants which was subject to a declaration of homestead. Thereafter, plaintiffs filed their petition for the appointment of appraisers, which was resisted by the defendants upon the ground that the plaintiff Arthur Shivell, pending the appeal from the order directing the issuance of the writ of execution, had been adjudicated a bankrupt, and hence had no longer any right, title or interest in or to the cause of action, as the sole right to proceed further thereunder was vested in the trustee in bankruptcy. In sustaining defendants' contention in this regard and in refusing to appoint appraisers the trial court fell into error.

While it is true that all rights of action in favor of the bankrupt on contract vest in the trustee by virtue of the bankruptcy act, it is well settled that a trustee is not obligated to intervene in pending actions by or against the bankrupt. He may allow them to proceed without intervention and accept the fruits if successful (*Johnson* v. *Collier*, 222 U.S. 538 [32 S.Ct. 104, 56 L.Ed. 306]; *Tucker* v. *Western Union Tel. Co.*, 94 Miss. 364 [157 N.Y.S. 873, 876]; *Griffin* v. *Mutual Life Ins. Co.*, 119 Ga. 664 [46 S.E. 870, 871]; *Kessler* v. *Herklotz*, 132 App.Div. 278 [117 N.Y.S. 45, 47]; 8 C.J.S., p. 695).

In *Johnson* v. *Collier, supra,* 56 L.Ed. 306, 307, following the institution of the action, plaintiff was adjudicated a bankrupt, and defendant thereupon moved that the suit be dismissed upon the ground that his adjudication precluded him from further maintaining the same. The trial court denied the motion and subsequently upon the trial rendered judgment in favor of the plaintiff which was affirmed upon appeal by the Supreme Court of Alabama. In affirming the decision of the latter court, the Supreme Court of the United States said: "If because of the disproportionate expense or uncertainty as to the result, the trustee neither sues nor intervenes, there is no reason why the bankrupt himself should not continue the litigation. . . . If the trustee will not sue and the bankrupt cannot sue, it might result in the bankrupt debtor being discharged of an actual liability. The statute indicates no such purpose, and if money or property is finally recovered it will be for the benefit of the estate. Nor is there any merit in the suggestion that this might involve a liability to pay both the bankrupt and the trustee. The defendant in any such suit can, by order of the bankrupt court, be amply protected against any danger of being made to pay twice."

In *Griffin* v. *Mutual Life Ins. Co., supra,* 119 Ga. 664 [46

S.E. 870, 871], the court says: ''Under the act . . . the trustee may intervene, but is not bound to do so; but on his failure to have himself substituted as plaintiff the suit does not abate. It may still be prosecuted by the bankrupt. (See *Thatcher* v. *Rockwell,* 105 U.S. 467, 26 L.Ed. 949; *Reed* v. *Paul,* 131 Mass. 129; *Herring* v. *Downing,* 146 Mass. 10, 15 N.E. 116.)''

The only authorities cited by respondent in support of the trial court's action are *Heffron* v. *Rosenberg,* 51 Cal.App.2d 156 [124 P.2d 74], and *Manter* v. *Howard,* 94 Cal.App.2d 404, 409 [210 P.2d 880], from the opinions in which counsel quotes general language which, disassociated from the facts of the case, appear to support their position. Both of the cited cases, however, are clearly distinguishable. In the Heffron case the trustee had instituted an action against the bankrupt and one Vaughn ''on the theory that the bankrupt was an undisclosed partner of Vaughn and that the latter held valuable assets in his own name, half of which should go to the trustee as assets of the bankrupt'' (p. 157). The bankrupt filed an answer admitting all of the allegations of the complaint, and at the same time ''filed a cross-complaint pleading substantially the same matters alleged in the trustee's complaint.'' Defendant Vaughn interposed a demurrer to the cross-complaint which was overruled by the trial court. It was in holding this action to be erroneous that the District Court of Appeal used the language quoted in respondent's brief to the effect that after an adjudication of bankruptcy and the appointment of a trustee the bankrupt is without right to institute or prosecute an action except by the cause of action not passing to the trustee. However, counsel for respondents fails to quote the language immediately following this paragraph which readily discloses its inapplicability to the case at bar. The court there said (p. 159): ''Respondents cite passages from 8 C.J.S., pp. 1362-1363, giving the bankrupt authority to sue in his own name 'where the trustee renounces the claim *or fails to take it up and proceed with it,* or the court of bankruptcy will not permit him to commence or prosecute the action.' *This is not the situation presented here. The trustee did not renounce the claim or fail to prosecute the action, and the bankruptcy court did not prevent the prosecution of it. To the contrary, the action was commenced by the trustee and was alive and pending at the time the bankrupt sought to inject herself as a party.''* (Emphasis added.)

In *Manter* v. *Howard,* plaintiff had instituted an action to recover money alleged to be due on the purchase of lumber in which defendant had filed a counterclaim. Four days before the date set for the trial of the action defendant was adjudicated a bankrupt, and the bankruptcy court had issued a restraining order against the plaintiff and his attorneys restraining them from proceeding with the action until the further order of the court. Although advised of this order, the trial judge insisted upon proceeding with the trial in the absence of any representative of the defendant and entered judgment in favor of the plaintiff. Thereafter, both defendant and the trustee moved to vacate the judgment and for relief therefrom under section 473 of the Code of Civil Procedure, which motions were denied by the trial court. In reversing this action the appellate court held that the trustee was entitled to continue and participate in the litigation without the necessity of being substituted as a party therein. No question was there involved as to the right of bankrupt to proceed with a pending action to which he is a party where the trustee fails or refuses to intervene or participate therein.

Here, unlike the situation presented in the cases cited by respondents, it appears without contradiction that the judgment sought to be enforced by the writ of execution was listed as an asset in the schedules filed in the bankruptcy proceeding, and although the attorney for the trustee was informed by the bankrupt of his intention and desire to undertake to enforce the judgment, he was advised by the attorney that he might proceed wth the matter as the trustee was not interested in participating therein. Under the circumstances and authorities hereinbefore cited, appellants were entitled to proceed in the matter without the intervention or substitution of the trustee. It did not lie in the mouths of the respondents to insist that the trustee intervene or be substituted therein without his consent.

The order appealed from is reversed with directions to the trial court to proceed to hear the petition for the appointment of appraisers.

Doran, J., and Drapeau, J., concurred.