[Civ. No. 20255. Second Dist., Div. Three. Dec. 2, 1954.]

ARTHUR SHIVELL, Appellant, v. JOHN HURD et al., Respondents.

Arthur Shivell, in pro. per., for Appellant.

S. V. O. Prichard for Respondents.

SHINN, P. J.—In 1940, Arthur Shivell recovered judgment against John Hurd for $1,250. Shivell, having been declared bankrupt, his trustee declined to take steps to collect the judgment and Shivell instituted the proceedings here under review to compel a sale of real property of Hurd and his wife consisting of adjoining lots, one unimproved, the other improved with a residence. The property was subject to a homestead. Upon proper application the court ordered execution issued which was duly levied on the property in March 1950. The court then refused to appoint appraisers pursuant to sections 1245 and 1261 of the Civil Code. That order was reversed on appeal (*Shivell* v. *Hurd,* 115 Cal. App.2d 405 [252 P.2d 65]). Thereafter a new writ of execution was issued and levied. Proper proceedings were had for the appointment of appraisers; on April 23, 1953, the appraisers filed their report. They fixed the value of the property at $11,000, found that it could not be divided without material injury, that certain encumbrances covered both lots and that there could not be a division and sale of part of the property free and clear of said liens. The report stated that so far as the appraisers were informed there were unpaid encumbrances consisting of the unpaid balances of a trust deed for $4,500 recorded December 30, 1937, and a trust deed for $4,025 recorded September 10, 1948. Thereafter plaintiff filed exceptions to the report which stated that the value of the property was $16,000, that it was not true that the property could not be divided without injury, that there were no existing liens or encumbrances against the property which were valid against the judgment, and that the homestead claimant was not living upon the unimproved lot adjoining the residence at the time of the declaration of homestead. The court was requested to declare the homestead invalid and to order a sale of the property. Service of the exceptions was had upon the appraisers and upon the attorney for defendants. Sections 1253 and 1254 of the Civil Code read as set out below.[1] Since the record on appeal con-

---

[1] "If, from the report, it appears to the judge that the land claimed can be divided without material injury, he must, by an order, direct the appraisers to set off to the claimant so much of the land, including the residence and outbuildings, as will amount in value to the homestead exemption over and above all liens and encumbrances, and the execution may be enforced against the remainder of the land."

"If, from the report, it appears to the judge that the land claimed exceeds in value, over and above all liens and encumbrances thereon, the amount of the homestead exemption, and that it can not be divided, he must make an order directing its sale under the execution."

tains nothing to the contrary, it will be presumed that the court duly considered the report and that it did not appear to the court therefrom that the land could be divided without material injury or that the land exceeded in value over and above all liens and encumbrances the amount of the homestead exemption; also that the court declined to make an order for a sale of the property. It does not appear that any further proceedings were had between the date of the filing of the appraisers' report, April 23, 1953, and August 26, 1953, when plaintiff filed a petition for an order to show cause why the property should not be sold notwithstanding the homestead. An order to show cause was issued; defendants filed an opposition; the matter was heard and the petition was denied on October 19, 1953.

The petition for the order to show cause stated that the petitioner had been advised by real estate brokers that the vacant lot could be sold for $2,500 to $3,000 and the improved lot for $12,000 to $14,000. It was stated that the trust deed for $4,500 was payable in three years from December 30, 1937, and was "by its terms" fully paid or "outlawed"; that this trust deed had been given in favor of Janice Ziegler, that Harriett Hurd, one of the defendants, has been known to use that name and that petitioner could not locate "Janice Ziegler"; that the trust deed for $4,025 was in favor of Emily F. Deacon as beneficiary; that petitioner could not locate her. Prior to the hearing of the order to show cause, Mrs. Hurd·filed an affidavit stating that she had never used the name "Janice Ziegler"; that the latter was reported to have gone to South America; that she could not be located; that she and Mr. Hurd claimed to have paid off the trust deed but were unable to have it released of record. She also averred that nothing had been paid on the Deacon trust deed and that there was due and unpaid interest thereon of $1,207.50; that Mrs. Deacon was deceased and that no proceedings had been instituted in Los Angeles County for administration upon her estate. Plaintiff filed additional affidavits of himself and others which contained a great deal of recriminatory and irrelevant matter, all of which was substantially controverted by defendants' affidavits. One affidavit filed by plaintiff was that of a broker who estimated the value of the property at $14,500; another broker gave a qualified estimate of $22,000. In all material respects the evidence was in sharp conflict as to the value of the property.

On October 21, 1953, plaintiff filed a motion for an order

for the acceptance of bids on the property and for the rejection or remanding of the report of the appraisers. On October 23, he filed notice of a motion for rehearing of the order of October 19, for an order for sale of the property and for the rejection of the report of the appraisers and remand of the same with instructions. It does not appear that defendants had notice of this motion. When it came on for hearing the motion was placed off calendar.

Plaintiff gave notice of appeal from the order of October 19 refusing to order a sale, from the denial of plaintiff's ex parte motion for the acceptance of bids, and rejection of the appraisers' report, and from the order placing off calendar his motion for a rehearing.

The briefs of the appellant contain many statements of fact outside the record. These must be disregarded. There are also intemperate statements that even a layman should know to be improper. Upon the appeal nothing is before us other than the contents of the clerk's transcript and the pertinent affidavits which have been transmitted as a part of the record.

It is not questioned that the amount of the homestead exemption as against plaintiff's judgment was $7,500. It is conceded that in applying for the appointment of appraisers, plaintiff made a prima facie showing that the value of the homestead over and above all liens and encumbrances thereon exceeded the amount of the homestead exemption. (Civ. Code, § 1246.) ██ Plaintiff had the burden of establishing that fact as a prerequisite to an order directing a sale of the property under execution. It might have been established by the report of the appraisers but it was not established by the report. ██ The appraisers fixed the gross value at $11,000. It is to be presumed that the court was satisfied with that valuation. We may not disturb the court's finding made upon conflicting evidence. ██ The appraisers reported that there were encumbrances of record consisting of the unpaid balances of the two trust deeds. They did not undertake to determine the amounts of such balances. The court was not required to order a sale of the property on the basis of the report. Plaintiff, under the order to show cause, was given an opportunity to establish his right to an order of sale. He might have done this by proving that the encumbrances had been paid in full or had been paid down to an amount which would have left an excess of value above the homestead exemption. He did not produce such evidence. The fact that the trust deed obligations had long since

fallen due was not evidence that they had been paid in full or in part or that they had not been extended or renewed. It appears to be the contention of plaintiff that the burden was upon the judgment debtor to prove that the encumbrances were valid and subsisting. In this he is mistaken. ■ One whose right to call forth the processes of the court in his behalf is conditioned upon the existence of certain facts has the burden of establishing those facts. This is elementary. The code procedure requires that a creditor who seeks an order for sale of a homestead must satisfy the court that there is at least good reason to believe that a sale would return an amount in excess of existing liens and encumbrances and the amount of the homestead exemption. It was a reasonable conclusion from the evidence that a sale would not produce such an amount. The trial court was fully justified in denying the application for an order of sale upon the ground of the insufficiency of plaintiff's evidence to establish his right to the order. This conclusion disposes of all the points argued by the appellant.

The orders are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied December 27, 1954, and appellant's petition for a hearing by the Supreme Court was denied January 26, 1955.