Edgar N. COLSON, d/b/a Colson Metal Products Co., Bankrupt, Appellant,

v.

Vernon H. MONTEIL, Appellee.

No. 15313.

United States Court of Appeals Eighth Circuit.

Nov. 3, 1955.

Warren S. Earhart, Kansas City, Mo., for appellant.

Rex Parr, Kansas City, Mo., for appellee.

Before SANBORN, COLLET and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal by Edgar N. Colson, a bankrupt, from an order of the District Court reversing an order of the Referee in Bankruptcy, and granting a motion of Vernon H. Monteil, a creditor of the bankrupt, to strike a "Supplemental Report of Exempt Property" filed by the trustee in bankruptcy. This report, by its terms, set off to the bankrupt, at an estimated value of $25.00, a judgment obtained by the trustee against Perry S. Harlan for $1,721.31 in the Circuit Court of Jackson County, Missouri. The Referee confirmed the report and ordered the judgment set apart to the bankrupt as exempt. In his motion, Monteil asked that the order of the Referee be set aside.

There is no dispute as to the facts. The controversy arose because the judgment, which the trustee and the Referee believed to be uncollectible and worthless at the time it was set off to the bankrupt, became collectible subsequently, due to the unforeseen acquisition of real estate in Kansas by the judgment debtor.

Edgar N. Colson on April 20, 1944, filed a petition in the District Court for an arrangement under Chapter 11 of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. In his schedules he claimed as exempt under the statutes of Missouri certain life insurance policies and "$300 in personal property to be selected from machinery and equipment located at 4010 Pennsylvania, Kansas City, Missouri." The case was referred to the Referee.

On June 2, 1944, Colson filed an application to be adjudged a bankrupt, and he was so adjudged June 15, 1944. William B. Bostian was appointed trustee. On June 24, 1944, the bankrupt made a revised request for exemptions. The trustee on July 21, 1944, in his report of exempt property to be set off to the bankrupt, designated certain articles and $76.00 in cash. The Referee on August 2, 1944, approved the report and set aside the property and the $76.00 cash referred to in the report. The bankrupt was discharged on September 18, 1944.

Listed in the bankrupt's schedule of assets was a claim against Perry S. Harlan. Prior to the institution of the arrangement proceeding, Colson had employed Warren S. Earhart as an attorney to collect this claim, upon a 50% contingent fee basis. In 1945 the trustee instituted suit in a State court upon this claim, employing the same attorney upon the same basis, and on September 7, 1948, obtained a judgment against Harlan for $1,721.31. Diligent efforts to collect the judgment failed, and, after a personal investigation by the trustee, he concluded that the judgment was uncollectible and worthless.

On March 2, 1953, the bankrupt, never having received the $76.00 cash which had been set off to him as exempt, requested the trustee to set off to him the judgment as a part of his exemptions. The trustee on March 11, 1953, filed with the Referee the supplemental report of exemptions, setting off the judgment to the bankrupt as of the value of $25.00; intending that to be an abandonment of the judgment as an asset of the estate and a satisfaction of the bankrupt's right

to exemptions. The Referee on March 21, 1953, approved the trustee's supplemental report of exemptions, and set apart to the bankrupt the judgment as exempt, and ordered it delivered to the bankrupt forthwith.

A final meeting of creditors was held before the Referee on March 24, 1953, upon due notice advising them of the moneys received and disbursed by the trustee. The trustee filed his final report, and the Referee entered an order closing the estate.

Thereafter, in 1954, Harlan, the judgment debtor, acquired from his wife title to certain real estate in Kansas. Earhart, counsel for Colson, was advised of that fact. Colson, as assignee of the judgment, brought suit upon it against Harlan in a State court in Kansas.

On July 30, 1954, Harlan prepared a motion to be filed, asking the court of bankruptcy to strike the trustee's supplemental report of exemptions and to set aside the order approving it. He served a copy of his proposed motion upon Earhart, and discussed it with the Referee, but did not file it. On the same day (July 30, 1954,) Harlan reconveyed to his wife the Kansas real estate which she had conveyed to him.

On August 9, 1954, Monteil, as a creditor of the bankrupt, filed a motion, similar to that prepared by Harlan, to strike the supplemental report of exemptions setting off to the bankrupt the judgment against Harlan. The District Judge reopened the bankruptcy case and referred the matter to the Referee.

At the hearing upon Monteil's motion before the Referee, Bostian, the trustee, testified that he had authorized Earhart, who had an attorney's lien upon the bankrupt's claim against Harlan, to institute the suit in which judgment was obtained; that thereafter he (the trustee) was advised of counsel's efforts to collect the judgment, and made a private investigation himself; that in 1953 he became convinced that the judgment was uncollectible; that pressure was brought upon him by Federal Administrative Officials

[the Administrative Office of the United States Courts] to close the bankruptcy case, which had been pending for nine years; that he had never paid the $76.00 cash set off to the bankrupt as exempt in 1944; that he was requested by the attorney for the bankrupt to set off the judgment to the bankrupt as part of the exemptions to which he was entitled; that he (the trustee) valued the judgment at $25.00 and set it off to the bankrupt in the supplemental report to partially satisfy the $76.00 which had previously been set off but not delivered; and that he (the trustee) used that action as a method of abandoning the judgment, which he considered uncollectible.

The Kansas attorney, who had been employed as co-counsel by Earhart to bring the suit in Kansas to subject the Kansas real estate of Harlan to the judgment set off to the bankrupt, testified at the hearing that he instituted the suit while Harlan had title to the real estate, and that, under the law of Kansas, the filing of the suit created a lien and would subject the property to the payment of the judgment even though the property was later reconveyed by Harlan. He expressed the opinion that a suit instituted in Kansas by the trustee after the property had been reconveyed by Harlan to his wife would create no lien upon the property; indicating that, while the judgment was collectible in the suit by Colson, it would be uncollectible in a suit by the trustee if recaptured by him as a result of Monteil's motion. This, we think, is not of controlling importance if the judgment did not belong to Colson or if Colson held title to the judgment in trust for the bankrupt estate. Cf. Johnson v. Collier, 222 U.S. 538, 539, 32 S.Ct. 104, 56 L.Ed. 306.

The Referee, at the conclusion of the hearing, stated his views as follows:

"It is the Court's judgment that the motion should be overruled, but the Court is of the opinion it still has jurisdiction in bankruptcy, in this case. Now, whatever amount he [the Bankrupt] collects on this judgment will have to be reported to this Court and if, when he does make such a collection, the Court then can determine what to do with it. No collection may ever be made. At that time if the Bankrupt is entitled to claim as he asserts the tools of his trade and in addition claim $300 under the statute, the Bankrupt should get it. He has never received the $76 which was set off to him. * * *"

On September 28, 1954, the Referee entered an order unconditionally overruling the motion of Monteil.

On review of the order of the Referee, the District Judge on February 8, 1955, granted Monteil's motion and set aside the order of the Referee approving the trustee's supplemental report of exempt property. The District Judge ruled, in effect, that, by failing to make a timely claim that the judgment was exempt, the bankrupt waived his right to have it set off to him as exempt property, and that title to the judgment vested in the trustee and could not be divested by the bankrupt's subsequent claim. The District Judge said:

"No claim to the exemption here attempted to be set off was ever entered by the Bankrupt; in fact, it still remains scheduled as an asset of the estate for the benefit of his creditors. No amendment to the schedules has ever been offered. Eight years after the adjudication was entered, the Trustee submits a report setting off this asset to the Bankrupt as a 'supplemental' exemption. Clearly such report should not have been sustained, and the allowance of an exemption under such procedure cannot be countenanced. The objection of the petitioning creditor thereto should have been sustained.

*    *    *    *    *    *

"* * * We do not consider the instant act of the Trustee from the standpoint of an intent to abandon an asset of doubtful value. If such was his intent, good practice, if not

judicial authority, demands that he so inform the Court and obtain its prior approval. (Cf. Collier on Bankruptcy, 14th Ed., Sec. 70.42.) The matter here considered is not that the Trustee indicated any intent to abandon the judgment as being worthless to the estate. On the contrary, after expending some portion of the assets of the estate in various efforts to liquidate such judgment, he now attempts to set it off to the Bankrupt at a definite value as a part of the exemption due Bankrupt. That cannot now be done."

The bankrupt on February 11, 1955, petitioned for a rehearing.

On February 15, 1955, the Referee, on motion of the trustee, entered an order nunc pro tunc, amending his order overruling Monteil's motion to set aside the order approving the trustee's supplemental report of exempt property to read as follows:

"Ordered, Adjudged and Decreed that such motion be and it hereby is overruled, but the Court does hereby retain jurisdiction to make a final order with relation to any fund which may be obtained hereafter, said order to be entered after due notice to and hearing from all the parties interested."

The District Judge, with the amended order before him, in overruling the petition of the bankrupt for a rehearing, said:

"The reality of the present situation is that the Attorney for the Bankrupt has apparently obtained some advantage over the judgment debtor in question, in a proceeding in the name of the Bankrupt, which he does not want to relinquish, and the motion of Monteil was apparently filed herein to force such a result. If the Referee herein is of the opinion that the position of the Attorney for the Bankrupt is one beneficial to this estate, we see no reason why it may not be retained, if an assign-ment of the chose-in-action to the Bankrupt is only recognized as being one for the benefit of the estate, and that the Bankrupt be specifically directed to account to this estate for the proceeds thereof. But to effect such recognition, which should be made of record, the allowance of the chose-in-action as exempt property to the Bankrupt must be set aside."

■ A trustee in bankruptcy may, if authorized by the referee, abandon or disclaim a burdensome or worthless asset of a bankrupt estate, and, if that is done, title to the abandoned asset reverts to or remains in the bankrupt. Brown v. O'Keefe, 300 U.S. 598, 602–603, 57 S.Ct. 543, 81 L.Ed. 827 and cases cited; In re Webb, 4 Cir., 54 F.2d 1065, 1067.

■ That the trustee and the Referee, in the instant case, intended to abandon the judgment against Harlan as uncollectible and virtually worthless, we think is clear. The method they used to evidence the abandonment was unfortunate. The trustee should have reported to the Referee that the judgment was uncollectible and of no value to the estate, and should have obtained an order authorizing its abandonment. Had that been done, the bankrupt's title to the judgment in suit could not have been questioned.

The District Judge, not without justification, regarded the action taken by the trustee and the Referee as a belated, untimely and unlawful attempt to set off to the bankrupt the judgment as exempt property. The trustee and the Referee undoubtedly regarded the action taken as a practical means of substituting the judgment as the equivalent of $25.00 in partial satisfaction of the unpaid cash exemption previously and properly set off to the bankrupt, and of abandoning the judgment as an asset of the estate. It seems to us that, viewing the situation realistically, it reasonably can not be said that what was done—while improper in form—did not evidence an in-

tent to abandon the judgment as worthless and did not as a practical matter constitute an abandonment of it. That being so, we think that the motion of Monteil should have been unqualifiedly denied, and this litigation terminated.

The order appealed from is reversed.