JAMES C. SMITH, CLAUDIA M. SMITH, AKA CLAUDIA M. BOBISH, AND JIM R. SOUTER, APPELLANTS, v. DIAL FINANCE COMPANY OF NORTH LAS VEGAS, RESPONDENT.

No. 5845

December 1, 1969        461 P.2d 856

*L. Earl Hawley,* of Las Vegas, for Appellants.

*Stanley W. Pierce,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from an order of the district court dismissing the Smiths' counterclaim for damages in an action commenced

by Dial Finance to recover money due on a promissory note. The dismissal was granted upon the ground that the Smiths were not the real parties in interest with standing to assert a counterclaim since one day before filing their counterclaim they had filed a voluntary petition for bankruptcy with the federal court. A trustee had not been appointed in that proceeding. The narrow issue presented below, and here, is whether, in these circumstances, the Smiths retained a sufficient interest in their alleged cause of action to prosecute a counterclaim thereon. In our judgment the district court erred in dismissing the counterclaim, and we reverse.

Although Section 11(c) of the Bankruptcy Act [11 U.S.C.A. § 29(c)] is silent as to the right of the bankrupt himself to begin a suit in the time which intervenes between the filing of a petition and the appointment and qualification of the trustee, the authorities declare that when that section is read in conjunction with Section 70(a) [11 U.S.C.A. § 110(a)] it is clear that the bankrupt retains a sufficient interest in his estate to begin such a suit.[1] Johnson v. Collier, 222 U.S. 538 (1911); Meyer v. Fleming, 327 U.S. 161 (1946); 1 Collier on Bankruptcy 1185–1186 (14th ed. 1969); Riesenfeld, Creditors' Remedies and Debtors' Protection (West Publishing Co. 1967). Additionally, we note that if the trustee upon appointment and qualification declines to prosecute the cause of action, the bankrupt may continue its prosecution to judgment. Johnson v. Collier, supra; Meyer v. Fleming, supra.

Reversed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[1]Sec. 11(c) reads: "A receiver or trustee may, with the approval of the court, be permitted to prosecute as receiver or trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him."

Sec. 70(a)(6) provides: "The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . (6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property. . . ."