In re John E. BAILEY and Mary
E. Bailey, Debtors.

John E. Bailey and Mary
E. Bailey, Plaintiffs,

v.

Household Finance Corp.
III, Defendant.

Bankruptcy No. 03–01408.
Adversary No. 03–10078.

United States Bankruptcy Court,
District of Columbia.

Feb. 9, 2004.

Evangeline Covington, Washington, DC, Counsel for John E. Bailey and Mary E. Bailey.

Eric J. Mogilnicki, James A. Shepherd, Wilmer, Cutler & Pickering, Washington, DC, Counsel for Household Finance Corp. III.

William Douglas White, McLean, VA, Chapter 7 Trustee.

## DECISION AND TENTATIVE ORDER RE DISMISSAL OF PROCEEDING

S. MARTIN TEEL, JR., Bankruptcy Judge.

The defendant has sought to dismiss this matter as required to be pursued by arbitration. However, that issue ought not be reached if the debtors have no standing to pursue the claims, or if the court lacks jurisdiction over the claims.

The court must dismiss this adversary proceeding, in its present posture, because the plaintiffs lack standing to assert the claims to the extent they are property of the estate in this case under chapter 7 of the Bankruptcy Code (11 U.S.C.), and because the court lacks subject matter jurisdiction to consider the claims to the extent they are exempted from the estate.

The trustee has objected to the debtor's exemptions. As of this date, the debtors have stated that they intend to amend their schedule of exemptions to claim as exempt, on new grounds, the claims asserted in this proceeding. If the trustee succeeds in whole or in part upon objecting to the amended exemptions, the trustee would be able to that extent to assert the claims on behalf of the estate. The trustee, however, has not filed a motion in the adversary proceeding to be substituted as, or added as, a real party in interest. If the debtors succeed in exempting the claims in their entirety, then they will not be property of the estate.

## I

### LACK OF STANDING TO PROSECUTE ESTATE'S CLAIMS

The debtors lack standing to assert the estate's claims for the following reasons.

### A.

Under 11 U.S.C. § 541, the filing of a petition in bankruptcy creates an estate which consists of all legal or equitable interests of the debtor in property at the time the petition is filed. Title to claims that became property of the estate under § 541 remains in the estate unless it is exempted, abandoned or otherwise revested in the debtor.

 In a chapter 7 bankruptcy case, any unliquidated lawsuits initiated by a debtor prepetition (or that could have been initiated by the debtor prepetition) become part of the bankruptcy estate subject to the sole direction and control of the trustee, unless exempted or abandoned or otherwise revested in the debtor.[1] *Mele v. First Colony Life Ins.*, 127 B.R. 82, 84

---

1. However, Chapter 13 debtors may invoke 11 U.S.C. § 1306(b) to pursue and control claims that are property of the estate. *See Olick v. Parker & Parsley Petrol. Co.*, 145 F.3d 513 (2d Cir.1998), and other cases cited in 8 *Collier on Bankruptcy* ¶ 1306.03 (Lawrence P. King ed., 15th ed. rev.1997). The debtors have not filed a motion to convert their case to chapter 13.

(D.D.C.1991). The debtor lacks standing in a chapter 7 case to prosecute claims that are property of the estate. *See Detrick v. Panalpina, Inc.,* 108 F.3d 529 (4th Cir.), *cert. denied,* 522 U.S. 810, 118 S.Ct. 52, 139 L.Ed.2d 17 (1997); *Bauer v. Commerce Union Bank,* 859 F.2d 438, 440–41 (6th Cir.1988), *cert. denied,* 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989); *Jones v. Harrell,* 858 F.2d 667, 669 (11th Cir. 1988). *See also In re Dawnwood Properties/78,* 209 F.3d 114 (2nd Cir.2000). To the extent that the claims remain property of the estate, the trustee must be substituted as the real party-in-interest, *Mele,* 127 B.R. at 84, or at the very least he must approve the debtors' acting on behalf of the estate (*see Detrick,* 108 F.3d at 536) if dismissal is to be avoided.[2] Here, however, neither the debtors nor the trustee have attempted to have the trustee added as a plaintiff, or substituted as the plaintiff, on the basis of being a real party in interest, and the trustee has not formally approved the debtors' suing on the estate's behalf (and has not employed the debtors' counsel to act on the estate's behalf).

### B.

Moreover, the plaintiffs commenced this adversary proceeding after the commencement of the case. Bankruptcy Code § 362(a)(3) stays any act to exercise control over property of the estate.

Decisions under the Bankruptcy Act suggest that a debtor, without bankruptcy court approval or authorization of the chapter 7 trustee, may prosecute a lawsuit that is property of the estate. *See Meyer v. Fleming,* 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946). That suggestion is not good law regarding standing under the Bankruptcy Code.

In *Meyer,* the court stated that, "[i]f the suit is continued by the bankrupt, the trustee is concluded by the judgment." 327 U.S. at 165 n. 8, 66 S.Ct. 382 (citations omitted). It then observed that:

> He [the debtor] has an interest in making the dividend for creditors as large as possible, and in some states the more direct interest of creating a fund which may be set apart to him as an exemption .... [I]f money is finally recovered, it will be for the benefit of the estate. Nor is there any merit in the suggestion that this might involve a liability to pay both the bankrupt and the trustee. The defendant in any such suit can, by order of the bankrupt court, be amply protected against any danger of being made to pay twice.

327 U.S. at 166, 66 S.Ct. 382 (*quoting Johnson v. Collier,* 222 U.S. 538, 540, 32 S.Ct. 104, 56 L.Ed. 306 (1912)).

In *Johnson,* the debtor initiated the suit after the bankruptcy petition was filed and before the trustee was appointed. *Johnson,* 222 U.S. at 539, 32 S.Ct. 104. The Court reasoned that the debtor still owned the cause of action, although it was held in trust until the appointment of the trustee, who then is "vested by operation of law with the title of the bankrupt." *Id.* (*quoting* Bankruptcy Act § 70). Until the trustee was appointed, the debtor's title was sufficient to authorize and maintain a suit. *Id.* at 539, 32 S.Ct. 104. The Court also noted that it may be important for the

---

**2.** *Mele* correctly stands for the proposition that the chapter 7 trustee is the proper party-in-interest if the cause of action remains property of the estate. However, on the facts of *Mele,* the court may have erroneously concluded that the cause of action remained estate property. In my view, when: (1) the debtor has listed a lawsuit as an asset in his schedules; (2) the trustee has failed to pursue the lawsuit for the estate; and (3) the bankruptcy case has been closed, the lawsuit has been effectively abandoned to the debtor and the debtor has the right to prosecute the case. *See* 11 U.S.C. § 554(d).

debtor to take action during the time between the filing of the petition and the appointment of the trustee.

Under the Bankruptcy Code, in contrast, title to the debtor's property vests immediately in the estate, 11 U.S.C. § 541, and there is no provision for vesting title in a trustee (who acts with the property of the estate as authorized by the Bankruptcy Code or court order, without the necessity of being vested himself or herself with title to the property). Moreover, there usually is no substantial hiatus between the filing of the petition and the appointment of a trustee (or the debtor attaining the status of a debtor-in-possession authorized to exercise the powers of a trustee).

■ Accordingly, under the Bankruptcy Code, a debtor in a chapter 7 case under the Bankruptcy Code violates § 362(a)(3) when she continues prosecution of litigation initiated prepetition, or when she commences litigation postpetition of a prepetition claim, if the claim pursued is property of the estate.[3] While the court can annul the automatic stay pursuant to § 362(d)(1) to validate a debtor's conduct in litigating a claim of the estate, if such annulment is necessary to protect the estate, no motion to annul the stay has been filed.

## C.

There is one unpersuasive decision under the Bankruptcy Code that concludes that a debtor has standing to continue to litigate a claim of the estate and does not violate § 362(a)(3) by doing so. In *Merchants & Farmers Bank v. United States*, 122 B.R. 539 (E.D.Ark.1990) the court found that standing doctrines and § 362(a)(3) did not bar the debtors' pursuit of a counterclaim against the bank. However, the debtors, the Hills, were by reason of 11 U.S.C. § 1204(a) debtors-in-possession, and by reason of 11 U.S.C. § 1203, they had the rights and powers of a trustee, including the power to prosecute claims of the estate. It was therefore obvious that § 362(a)(3) did not bar their pursuit of the counterclaims. The debtors, however, asserted that they never elected to prosecute the counterclaims as debtors-in-possession, and that the automatic stay did apply to them as debtors (instead of as debtors-in-possession), and so the district court ought not have dismissed their counterclaims when they declined to try them on a scheduled date. That was a silly argument: the district court could have rejected it on the basis that a trustee succeeds to the debtor's prepetition claims with all their warts, including trial dates, and the consequences of not proceeding to try the claims as scheduled. The debtors, as debtors-in-possession, were in a position to act to protect the estate by proceeding to try the claims.

Instead, the district court engaged in a lengthy analysis of whether the debtors as debtors (not debtors-in-possession) could have tried the counterclaims without violating the automatic stay. The court stat-

---

**3.** *Doucet v. Cooper (In re Cooper),* 263 B.R. 835 (Bankr.S.D.Ohio 2001) (postpetition settlement of personal injury claim brought prepetition without court's or trustee's approval violated automatic stay); *In re Stinson,* 221 B.R. 726 (Bankr.E.D.Mich.1998) (holding that postpetition settlement of a personal injury suit brought prepetition without the involvement of the Chapter 7 Trustee violated the automatic stay); *Havelock v. Taxel (In re Pace),* 159 B.R. 890, 899–900 (9th Cir. BAP 1993), *aff'd in relevant part, rev'd in part on other grounds,* 67 F.3d 187 (1995); *In re Interpictures, Inc.,* 86 B.R. 24, 28 (Bankr.E.D.N.Y. 1988) (stockholder derivative suit brought in interest of corporate debtor violates § 362(a)(3)); *Bay Area Material Handling v. Broach (In re Bay Area Material Handling),* No. C 95–01903 CW, 1995 WL 747954 (N.D.Cal. Dec.6, 1995) (same).

ed, "in order for section 362(a)(3) to mandate a stay on the counterclaim in the present action, the Bank must be trying to obtain possession of property of the debtor or must be trying to exercise control over property of the estate. This is simply not the case here." *Merchants and Farmers Bank*, 122 B.R. at 541 n. 2. What the court failed to realize was that it was the debtors' prosecution of the counterclaim (that plainly was property of the estate) that was stayed by § 362(a)(3), not the Bank's mere defense of the counterclaim.

The court further reasoned that, even though a trustee has title to the claim that the action seeks to enforce, the debtor may continue to prosecute an action the debtor instituted prior to bankruptcy. *Id.* at 542–43 (*quoting Meyer v. Fleming*). As discussed above, *Meyer v. Fleming* was a Bankruptcy Act decision which is not applicable to the Bankruptcy Code.

The court also cited F.R. Bankr.P. 6009, which gives the trustee, or a debtor-in-possession (who under 11 U.S.C. § 1107 has the powers of a trustee), the discretionary authority to continue a pending action brought by the debtor prior to the commencement of the bankruptcy case. The court reasoned that "Rule 6009 does not oust the debtor as a party to the action, nor does it deny the debtor his

standing to proceed with the action if the trustee or debtor-in-possession takes no action." *Id.* at 543. The court reasoned that a trustee or debtor-in-possession thus does not have exclusive jurisdiction, and that the Hills as debtors had standing to pursue the litigation if the Hills as debtors-in-possession declined to intervene. *Id.* at 543. This reasoning, that silence as to the debtor's authority denotes actual authority, is unpersuasive.[4]

## D.

The court does not decide the extent to which the debtors have standing to assert a claim to the extent that they only partially exempt that claim. The debtor's right to claim an interest in claims exempted is limited by the statutory maximum provided by 11 U.S.C. § 522(d) or the maximum provided by nonbankruptcy law governing exemptions, unless the exemption provision has no limitation on the amount exemptible.[5] *Bronner v. Gill (In re Bronner)*, 135 B.R. 645, 647 (9th Cir. BAP 1992). Where a lawsuit may have a value beyond that claimed by the debtor in his exemptions, the trustee retains the capacity to prosecute a lawsuit on behalf of the estate. *Bronner*, 135 B.R. at 648, (*citing Wissman v. Pittsburgh Nat'l Bank*, 942 F.2d 867, 872 (4th Cir.1991)). Al-

---

**4.** No other decision under the Bankruptcy Code supports the reasoning of *Merchants & Farmers Bank*. Although *First Alabama Bank of Montgomery v. Parsons Steel, Inc.*, 747 F.2d 1367, 1379 (11th Cir.1984), *rev'd*, 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986), was decided after enactment of the Bankruptcy Code, the bankruptcy petition in that case was filed prior to October 1, 1979, and accordingly, the case was governed by the Bankruptcy Act. Both *Parsons Steel*, and the decision it relied upon, *Paradise v. Vogtlandische Maschinen–Fabrik*, 99 F.2d 53, 55 (3d Cir.1938), are, like *Meyer v. Fleming* and *Johnson v. Collier*, not good law under the Bankruptcy Code regarding a debtor's authority to prosecute a claim of the estate. More-

over, *Parsons Steel* turned on the doctrine of privity for res judicata purposes in holding the trustee bound by a prior judgment against parties who apparently shared the unsuccessful claim with the bankruptcy estate, so that standing was not really an issue.

**5.** The debtor may elect to use either the exemptions provided by the Bankruptcy Code or the exemptions provided by nonbankruptcy law, unless the applicable state law provides that a debtor is not authorized to elect the federal bankruptcy exemptions. The District of Columbia permits debtors to choose either § 522(d) or nonbankruptcy law exemptions.

though the debtor has "an interest in any potential recovery, the trustee, as representative of the estate, has an interest over and above the debtor's exemption." *Id.* To the extent that the trustee shows that the debtors can exempt only a partial amount of the claims, the trustee arguably could insist on prosecuting the claims, with the debtors entitled to exempt from his recovery the dollar amount they are entitled to recover, and possibly to participate in the litigation as affected entities. Of course, if the trustee refuses to pursue the claims, the debtors could pursue them to the extent they were exempted.

Although *Detrick*, 108 F.3d at 536, suggests that a trustee may authorize a debtor as plaintiff to pursue litigation on behalf of the estate, the trustee in *Detrick* had employed the debtors' attorney to pursue the claims, and that attorney's pursuit of the claims, albeit in the name of the debtors as plaintiffs, was really on behalf of the estate. Here, the trustee has not sought to employ the debtors' attorney as counsel for the estate, and would require court authorization to do so. 11 U.S.C. § 327(a).

A different question is whether the trustee can simply authorize the debtors to pursue the claims on behalf of the estate (without the trustee hiring an attorney to prosecute the claims): that might require court approval. *See Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.)*, 330 F.3d 548, 553–54 (3rd Cir.2003) (en banc) (bankruptcy court may authorize creditors committee to sue derivatively).

## II

### LACK OF SUBJECT MATTER JURISDICTION

█ If the claims belong to the debtors, the court must dismiss the proceeding based on *Turner v. Ermiger (In re Tur-*

*ner)*, 724 F.2d 338 (2nd Cir.1983). The plaintiffs have failed to allege any basis upon which the adjudication of claims belonging to them could have an impact on the administration of the case. The court assumes that, as in *Turner*, the prosecution of exempted claims will have no impact on the administration of the estate: the debtors have not suggested that the determination of these claims could have an impact on other exemptions they could claim.

The court will grant the debtors 10 days to file an amended complaint. This may include adding the trustee as a party plaintiff, if any particular claim belongs in whole or in part to the trustee, but the trustee's right to assert the claim cannot confer jurisdiction if he declines to be a party.

In any event, the complaint should include a short and plain statement of the grounds upon which this court's jurisdiction depends, as required by F.R. Civ. P. 8(a), showing how these claims of the debtors (not the estate) fit within 28 U.S.C. § 1334(b), the source of the district court's subject matter jurisdiction over proceedings referred in turn to the bankruptcy court.

## III

In light of the foregoing, it is

ORDERED that the court will dismiss this adversary proceeding unless, within 10 days after entry of this order, the plaintiffs file an amended complaint that sets forth grounds for this court's subject matter jurisdiction and for the plaintiffs' standing to prosecute the claims.