Isaac Jose **ALPIZAR, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 90–1405.**

District of Columbia Court of Appeals.

Submitted April 18, 1991.
Decided Aug. 21, 1991.

William T. Morrison, Washington, D.C., appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., with whom Elizabeth H. Danello, John R. Fisher, and Roy W. McLeese III, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before ROGERS, Chief Judge, and STEADMAN, Associate Judge, and KERN, Senior Judge.

KERN, Senior Judge:

Appellant, a lawful permanent resident but not a citizen of the United States, appeals from the denial of his motion, filed pursuant to D.C.Code § 23–110 (1989 Repl.), to vacate his 1983 guilty plea to armed robbery. Appellant contends that his plea should be vacated as a result of the enactment of D.C.Code § 16–713 (1989 Repl.), subsequent to the entry of his guilty plea but prior to his sentencing.[1] This legislation requires a trial judge to advise a defendant who intends to enter a plea of guilty that his conviction upon such plea could lead to deportation if he is not a citizen. We affirm.

■ Appellant pled guilty to armed robbery in 1983 before the statute was enacted. Between his plea and his sentencing, the statute was enacted. The statute provides in pertinent part:

(a) Prior to acceptance of a plea of guilty ... to any offense punishable as a crime, the court shall administer the following advisement to the defendant:

If you are not a citizen of the United States, you are advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

(b) ... If the court fails to advise the defendant as required by subsection (a) and the defendant shows that conviction of the offense to which the defendant

1. Appellant entered his plea of guilty on January 25, 1983 and was sentenced on March 11, 1983. D.C.Code § 16–713 became effective on March 10, 1983.

pleaded guilty ... may have the consequences for the defendant of [those recited in the advisement], the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty....

D.C.Code § 16–713 (1989 Repl.). The trial court, prior to sentencing him, did not advise him of the possibility he might be deported upon the basis of his conviction.[2]

In the years since entering his plea, appellant has filed numerous motions attacking the validity of his plea and the sentence imposed but never asserted the grounds he now asserts.[3] In his instant motion, appellant asserted for the first time that the enactment in 1983 of § 16–713 requires that he be permitted to withdraw his guilty plea. The trial court denied his motion on the grounds that there was no basis on which to apply the statute retrospectively to appellant's plea.

In his motion to vacate his plea of guilty, appellant asserts that "the court did not inform him that the consequences of a conviction for armed robbery could include deportation, as subsequently mandated by D.C.Code [§] 16–713." On appeal, he asserts that the statute "requires that his sentence be vacated even though [it] did not become effective until after his plea proceedings." Appellant's motion filed pursuant to § 23–110[4] rests solely upon his contention that § 16–713, which was enacted after his plea was entered, requires that he be permitted to withdraw his plea.

■ We note that prior to the enactment of § 16–713, the determination of whether a defendant who had entered a guilty plea without full knowledge of the risk of deportation should be permitted to withdraw his plea was committed to the sound discretion of the trial court. *See, e.g., United States*

*v. Russell*, 222 U.S.App.D.C. 313, 317, 686 F.2d 35, 39 (1982); *United States v. Sambro*, 147 U.S.App.D.C. 75, 77, 454 F.2d 918, 920 (1971). By enacting § 16–713, the Council of the District of Columbia ended the trial court's discretion to assess on a case-by-case basis[5] whether such pleas should be vacated in the interest of justice.

The new statute contains two provisions. The statute requires the trial court to advise a defendant who intends to plead guilty that the conviction could result in deportation, exclusion, or denial of citizenship. D.C.Code § 16–713(a) (1989 Repl.). Also, under the statute, where the court fails to advise a defendant and where the defendant demonstrates that the conviction could lead to deportation, exclusion, or denial of citizenship, the court "shall" permit that defendant to withdraw his plea of guilty. D.C.Code § 16–713(b) (1989 Repl.). Thus, the mandatory nature of the statutory provision requires the trial court to vacate any guilty plea upon request and without regard to any other circumstances surrounding the entry of the plea, if it was entered by a defendant who risked deportation but was not so informed by the court as required by the statute.

Construing the statute as applying to guilty pleas entered before the statute was enacted would have far reaching consequences for the criminal justice system and possibly for immigration proceedings based upon those convictions that would then be vacated. In light of these consequences, we must be particularly cognizant of the rules of statutory construction. "[T]he first rule of construction is that legislation must be considered as addressed to the future, not to the past ... [and] a retrospective operation will not be given to a statute ... unless such be the 'unequivocal

---

**2.** Appellant asserts that the trial court did not advise him of the possibility that he could be deported. Appellant does not assert that he was actually unaware of that possibility.

**3.** One such prior collateral attack resulted in an evidentiary hearing by the sentencing court followed by appellate review and affirmance by this court. *Alpizar v. United States,* No. 88–687 (D.C. April 5, 1990) (Memorandum Opinion and Judgment).

**4.** Appellant's motion presented an issue which could be resolved on the basis of the available record; thus, the trial court was not required to hold a hearing. *See Gaston v. United States,* 535 A.2d 893, 899 (D.C.1988).

**5.** *Compare United States v. Russell, supra,* (vacating plea) *with United States v. Sambro, supra,* (affirming denial of motion to vacate plea).

and inflexible import of the terms, and the manifest intention of the legislature.'" *Greene v. United States,* 376 U.S. 149, 160, 84 S.Ct. 615, 621–22, 11 L.Ed.2d 576 (1964) (quoting *Union Pacific Railroad Co. v. Laramie Stock Yards Co.,* 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1913)).

Our review of the text of the statute as well as the legislative history reveals no such legislative intent. *See* COUNCIL OF THE DISTRICT OF COLUMBIA COMMITTEE ON THE JUDICIARY, Report on Bill No. 4–120, *District of Columbia Sentencing Improvements Act* (1982). Thus, we are not persuaded to give "retrospective operation" to the statute.

Appellant contends that "he is merely asking this Court to apply § 16–713(b) to an antecedent fact[, the fact that he was not fully apprised of the collateral consequences of entering a plea of guilty,] as opposed to having it apply retrospectively." Appellant misconstrues the statute. The remedy provided by § 16–713(b), the right to withdraw a plea, is dependent upon the court's failure to comply with the requirement of § 16–713(a). Therefore, only a defendant who had the statutorily created right to receive the advisement can invoke the remedy provided for the deprivation of that right. Since there is no indication that the Council intended to confer the right retrospectively, appellant was never deprived of the right to receive that advisement. Accordingly, the statutorily created remedy is unavailable to him. Thus, § 16–713(b) provides no basis, in and of itself, for permitting appellant to withdraw his plea of guilty.

 Having concluded that the statute has no retroactive application to guilty pleas entered before its enactment and so did not compel the trial court to vacate appellant's plea of guilty, we consider whether appellant's motion presented any other basis for relief. To prevail on a motion to vacate a plea of guilty, the movant must establish either that the Rule 11[6] proceeding was substantially defective or that the interests of justice require the plea be vacated. *Gooding v. United States,* 529 A.2d 301, 305 (D.C.1987).

Rule 11 required the trial court to advise appellant of the direct consequences of his plea. *See Goodall v. United States,* 584 A.2d 560, 563 (D.C.1990) (citing *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)). Rule 11 did not require the trial court to inform appellant of the potential collateral consequences of his plea. *See United States v. Russell, supra,* 222 U.S.App.D.C. at 316, 686 F.2d at 38. It is well settled that the possibility of deportation is one such collateral consequence. *Id.* at 317, 686 F.2d at 39. As appellant acknowledges, the trial judge complied with the requirements of Rule 11 at the time he entered his plea; thus, appellant's motion fails to show any defect in the proceeding that requires the vacating of his sentence.

 The determination whether the interests of justice require that a guilty plea be vacated subsequent to sentencing is governed by the manifest injustice standard of Super.Ct.Crim.R. 32(e). *McClurkin v. United States,* 472 A.2d 1348, 1352 (D.C.1984).[7] In the seven years since appellant entered his plea and § 16–713 was enacted and in the five years since receiving an order to show cause why he should not be deported,[8] appellant failed to raise this issue despite making numerous collateral attacks on his sentence. The trial court, in denying appellant's motion, specifically noted that "[appellant], although represented by the same counsel at the time

---

**6.** We are required to apply Rule 11 as it read at the time appellant entered his plea. *See Punch v. United States,* 377 A.2d 1353, 1359 n. 9 (D.C.1977), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978).

**7.** *Cf. Gooding v. United States, supra,* 529 A.2d at 306 (Rule 32(e) withdrawal motion that does not establish a Rule 11 violation will prevail only upon a showing of manifest injustice).

**8.** The record indicates that on April 5, 1985, appellant received notice from the Department of Justice that he was subject to deportation as a result of his convictions of two crimes involving moral turpitude. The record also indicates that the conviction resulting from the guilty plea appellant subsequently moved to withdraw was his third such conviction.

he filed his Motion to Withdraw Guilty Plea in September, 1987, never raised this issue in that Motion even though he had been served with an Order to Show Cause In Deportation Proceedings on April 5, 1985, over two years earlier." Such a lengthy delay in raising this issue undermines his belated claim that he would not have entered his guilty plea had he only known of the potential for his deportation. *See Wilson v. United States,* 592 A.2d 1009, at 1013–14 (D.C. June 5, 1991).[9]

Therefore, under the particular circumstances of this case, we conclude that neither the statute nor the fact of its enactment subsequent to the entry of his guilty plea but prior to sentencing required the trial court to vacate such plea of guilty.

*Affirmed.*

---

9. We note that appellant neither asserts that he was ignorant of the possibility of deportation nor that he was misled as to the risk of deportation as was the case in *United States v. Russell, supra.*