**Rohan MASON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 06–CO–1592.**

District of Columbia Court of Appeals.

Submitted Sept. 4, 2008.

Decided Sept. 11, 2008.

▆▆▆▆▆

Michael D. Dobbs, Rockville, MD, was on the brief for appellant.

Jeffrey A. Taylor, United States Attorney, and Roy W. McLeese III, Elizabeth Trosman, and Patricia A. Heffernan, Assistant United States Attorneys, were on the brief for appellee.

Before NEWMAN, PRYOR, and SCHWELB, Senior Judges.

NEWMAN, Senior Judge:

Rohan Mason pled guilty to possession with intent to distribute marijuana. Nine years later, he sought to withdraw his plea through a writ of coram nobis. The trial judge, before whom the plea had been entered, denied relief without a hearing. On appeal, Mason claims it was error to deny the writ because the trial court violated the mandatory strictures of D.C.Code § 16–713 (1981), which requires that before accepting a plea of guilty or nolo condendere, the court must advise the defendant that the conviction may have consequences affecting his or her immigration status.[1] He also appears to claim

---

1. Section 16–713 provides:

(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime, the court shall administer the following advisement on the record to the defendant:

"If you are not a citizen of the United States, you are advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

(b) Upon request, the court shall allow the defendant a reasonable amount of additional time to consider the appropriateness of the plea in light of the advisement. If the court fails to advise the defendant as re-

ineffective assistance of counsel because of his trial counsel's failure to seek to suppress the drugs. We deem his first contention to be the sole issue meriting extended discussion.[2] Holding that Mason is estopped by his sworn averment of U.S. citizenship from claiming the error he asserts in this case, we affirm.

■ It is undisputed that Mason was not advised as required by § 16–713. It is further clear that adverse immigration consequences have in fact ensued since the petition for the writ was occasioned by Mason being detained by the Department of Homeland Security while it instituted deportation proceedings against him. Thus, given the particular facts of this case, we must determine whether the trial court erred in denying the writ.

Prior to the enactment of § 16–713, "the determination of whether a defendant who had entered a guilty plea without full knowledge of the risk of deportation should be permitted to withdraw his plea was committed to the sound discretion of the trial court." *Alpizar v. United States,* 595 A.2d 991, 993 (D.C.1991) (citing *United States v. Russell,* 222 U.S.App.D.C. 313, 317, 686 F.2d 35, 39 (1982), and *United States v. Sambro,* 147 U.S.App.D.C. 75, 77, 454 F.2d 918, 920 (1971)). As we recognized in *Alpizar,* § 16–713 ended the trial court's discretion in this area. Under § 16–713, if the court has failed to give the required warning and conviction of the offense may have the specified immigration consequences, the defendant is entitled to withdraw the guilty plea. The government contends, and we agree, that it was the particular circumstances of the entry of the guilty plea in this case that estops Mason from obtaining relief.[3]

In response to questions by the trial court, Mason disclosed that while he was born in Jamaica and had completed the ninth grade in school there, he was in fact a citizen of the United States. The trial court completed the inquiry mandated by Super. Ct.Crim. R. 11, and accepted the plea as knowing, voluntary, and made with

quired by subsection (a) and the defendant shows that conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by subsection (a), the defendant shall be presumed not to have received the required advisement.

2. While mention of the suppression issue is contained in the Statement of Facts section of Mason's brief at page 1, it is not further referenced in his Statement of Issues or in his Argument section. Thus, the Fourth Amendment claim, if any, is deemed abandoned. *See* D.C.App. R. 28(a)(8)(A); *Bardoff v. United States,* 628 A.2d 86, 90 n. 8 (D.C.1993). In

any event, he has failed to establish entitlement to relief via coram nobis on this issue. *See Artis v. United States,* 802 A.2d 959, 966 (D.C.2002) (citing *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)).

3. The government also contends that Mason, represented by the same counsel on the petition for the writ as on this appeal, never squarely raised the issue of the trial court's failure to comply with § 16–713. Rather, the government asserts that Mason's references in his trial court petition to § 16–713 related solely to his clam that his lawyer was ineffective in advising him of the nature, effect, and potential consequences of his guilty plea, including immigration consequences. While the petition and its supporting memorandum do focus on the alleged ineffectiveness of Mason's attorney at the plea proceedings, we are not comfortable with disposing of this matter on such basis. Rather, we will assume, without deciding, that the claim was preserved, and dispose of the appeal on that assumption.

a full understanding of the nature of the charge as well as a factual foundation based on the court's inquiry and Mason's own statement about the offense.

In denying the petition for a writ of coram nobis, the trial court applied the requirements for the grant of the writ we articulated in *United States v. Hamid*, 531 A.2d 628, 634 (D.C.1987). The court held that the petition failed to meet the *Hamid* strictures, particularly given the fact that the record demonstrated Mason had an understanding of the plea proceedings and affirmed under oath that he was a United States citizen, a fact about which Mason could not have been reasonably in doubt.

We have not previously decided whether a defendant attempting to benefit from his or her own false representation under oath that he or she was a citizen of the United States can obtain relief pursuant to § 16–713. Indeed, we specifically left that question open in *Slytman v. United States*, 804 A.2d 1113, 1116 n. 6 (D.C.2002) ("We do not address here a situation in which the trial court has no reason to believe that the defendant is a non-citizen or is expressly advised to the contrary."). We now decide the latter half of that "reserved" issue.

The trial court was entitled to rely on Mason's statement under oath that he was a United States citizen. *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Given his sworn testimony, he is judicially estopped from seeking relief based on a contrary assertion of non-citizenship. The Supreme Court has explained this doctrine:

> Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the

position formerly taken by him. This rule, known as judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.

*New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (U.S. 2001) (citations and quotation marks omitted); *see also Parker v. United States*, 757 A.2d 1280, 1286–87 (D.C.2000) (explaining that a "defendant 'cannot well complain of being prejudiced by a situation [he] created.'"). The purpose of applying this doctrine is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire, supra*, 532 U.S. at 749–50, 121 S.Ct. 1808 (citations and quotation marks omitted).

In deciding whether to apply judicial estoppel, we consider several factors: First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.... A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 750–51, 121 S.Ct. 1808 (citations and quotation marks omitted); *see Prince Constr. Co. v. District of Columbia Contract Appeals Bd.*, 892 A.2d 380, 386–87 n. 7 (D.C.2006). Applying these factors, we conclude that the application of judicial estoppel is warranted. Mason's current position that he is an alien is directly

contrary to his testimony at the plea hearing that he was a United States citizen. Accepting Mason's contention that he is an alien would require finding that Mason misled the trial court in testifying under oath that he was a citizen. Although the doctrine of judicial estoppel may be avoided if the earlier statement was a mistake, *New Hampshire, supra*, 532 U.S. at 753, 121 S.Ct. 1808, the trial court concluded that Mason understood the questions asked at the plea hearing. Moreover, permitting Mason's claim would unfairly prejudice the government, which would then have to prosecute an eleven-year-old case that was closed nine years ago. As Justice Hugo Black has written: "the maxim that no man may take advantage of his own wrong [is d]eeply rooted in our jurisprudence." *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 232, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). Accordingly, Mason's claim is barred by the doctrine of judicial estoppel and the judgment on appeal is hereby affirmed. While we affirm in this case, we note that the practice utilized by the trial court in this case to deal with § 16–713 is not one which we encourage, given the potential collateral consequences. It is appropriate to routinely include the § 16–713(a) advice as part of the Rule 11 proceedings.

*So ordered.*