*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-CV-1074

JOHN ATKINS, APPELLANT,

V.

4940 WISCONSIN, LLC, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAB-1922-12)

(Hon. Craig Iscoe, Trial Judge)

(Submitted May 6, 2014                    Decided July 3, 2014)

*David M. Wasser* was on the brief for appellant.

*Dawn E. Boyce* and *Martin Schubert* were on the brief for appellee.

Before GLICKMAN and MCLEESE, *Associate Judges*, and REID, *Senior Judge*.

REID, *Senior Judge*:  Appellant, John Atkins, appeals the trial court's dismissal of his personal injury action against appellee, 4940 Wisconsin, LLC ("the LLC").  The trial court granted summary judgment for the LLC on the ground that Mr. Atkins' lawsuit is barred by the doctrine of judicial estoppel.  For the reasons stated below, we affirm the judgment of the trial court.

**FACTUAL SUMMARY**

On June 5, 2009, Mr. Atkins was working in a furniture store, located on property owned by the LLC, when he slipped and fell.  Later, on January 8, 2010, Mr. Atkins filed a Chapter 7 petition for bankruptcy in the United States Bankruptcy Court for the District of Columbia.  He identified the LLC as one of his creditors, due to a retail lease, and he listed $328,606 as the disputed amount of the LLC's unsecured nonpriority claim.  He made no mention of his potential personal injury claim on his Schedule C pertaining to property or interests claimed as exempt from the reach of creditors.  The United States Bankruptcy Judge signed an order on June 28, 2010, granting Mr. Atkins' a discharge under Chapter 7 of the Bankruptcy Code.

Mr. Atkins filed his personal injury lawsuit against the LLC in the trial court on February 27, 2012, claiming injury due to the negligence of the LLC.  The LLC lodged a motion to dismiss and for summary judgment on October 4, 2012, stating as an undisputed fact that Mr. Atkins "did not schedule [his] personal injury claim on any schedule attached to [his] Voluntary Petition for Bankruptcy."  The trial court held the LLC's motions in abeyance to allow Mr. Atkins an opportunity to substitute the Bankruptcy Trustee as plaintiff, or to submit a statement that the

Trustee "abandon[ed] the action to the Plaintiff."

About one year after filing his personal injury action in the trial court, Mr. Atkins moved to reopen his bankruptcy case; he submitted an amended Schedule C on March 20, 2013, essentially claiming that his trial court cause of action against the LLC was exempt from the reach of his creditors, in the amount of $23,500. No objection was filed in the Bankruptcy Court, and consequently, the Bankruptcy Trustee declared on May 14, 2013, that Mr. Atkins "owns the cause of action" up to $23,500. Furthermore, the Trustee asserted that "any potential recovery will be paid first to medical liens, . . . and attorneys['] fees," and that any sum recovered in excess of the $23,500 claimed exemption would belong to the bankruptcy estate.[1]

In an eleven-page order, signed on July 19, 2013, the trial court granted the LLC's motion for summary judgment. First, the trial court determined that,

_____

[1] Later, on August 16, 2013, the Bankruptcy Trustee informed Mr. Atkins' attorney that he had not "abandoned" the personal injury cause of action, and that he had "no authority to assign or authorize anything without specific authority of the Bankruptcy Court," which had not yet been obtained. He denied attempting "to authorize [Mr. Atkins] to go forward on anything, particularly on behalf of the estate." Four days later, the Trustee stated that he was "not planning to become a party to the suit." He also expressed the view that "the bankruptcy estate with court authority can assign a cause of action to whomever it decides," and that in the event that Mr. Atkins received the assignment, he "would take the cause of action as assignee of the estate, not as the debtor."

contrary to the LLC's argument, Mr. Atkins has standing to bring his personal injury action "because the Bankruptcy Trustee assigned the litigation to [Mr. Atkins]." Second, the trial court concluded that judicial estoppel bars Mr. Atkins' personal injury lawsuit. The trial court reasoned that the elements of judicial estoppel are satisfied in this case. First, Mr. Atkins' position in the trial court was inconsistent with his position in the bankruptcy court because "when [he] filed for bankruptcy he represented in his schedules that he had no unliquidated claims[;] [h]owever, in [his personal injury litigation], he is claiming to have a cause of action against the [LLC] arising from an accident that occurred before he filed for bankruptcy." Second, Mr. Atkins persuaded the bankruptcy court to accept his position "because, in discharging [Mr. Atkins'] debts the bankruptcy court relied on [his] schedules, which did not list [his personal injury claim]." Third, Mr. Atkins would gain an unfair advantage over the LLC if he is not estopped because he "discharged his obligations to his creditors, 99.7% of which was due to the [LLC], before remembering the injury that led to [his] bankruptcy." The trial court concluded that Mr. Atkins' action "appears wholly calculated to abuse the judicial process[,]" and further, he "would still receive at least $21,625.00, not a trivial sum[,]" while "[c]ontinued litigation of the suit would impose significant costs on the [LLC], as well as an expenditure of the [trial] [c]ourt's time and resources."

Mr. Atkins moved to alter or amend the trial court's order on July 26, 2013, asking the trial court "to clarify that the instant action is dismissed" as to him, but not the Bankruptcy Trustee "who remains the real party in interest," and that "the instant action remains part of the bankruptcy estate as a matter of law." The LLC opposed Mr. Atkins' motion, and the trial court denied Mr. Atkins' motion, declaring that the Bankruptcy Trustee is not a party to the litigation and has no interest beyond the excess of any potential recovery, that Mr. Atkins' "bankruptcy estate was never a party to the litigation," and that "[t]he Court's Order of July 19, 2013[,] does not bind the Bankruptcy Trustee," although it might have implications if "the Bankruptcy Trustee decides to pursue litigation."[2]

## ANALYSIS

Mr. Atkins argues that the trial court erred by: (1) concluding that the Bankruptcy Trustee "abandoned" the personal injury claim;[3] (2) failing to recognize that "[t]he Trustee has ratified Mr. Atkins' pursuit of the claim on behalf

---

[2] Like the trial court, we address only the question of whether Mr. Atkins should be permitted to bring this suit. We express no view about the issues that might be presented if the bankruptcy trustee were to pursue litigation against the LLC with respect to this matter.

[3] In his reply brief, Mr. Atkins states: "Contrary to [the LLC's] assertions, there is no issue as to 'abandonment' of the claim by the Trustee."

of the [bankruptcy] estate" rather than "as the debtor"; and (3) finding judicial estoppel applicable against the Trustee while failing to recognize that application of the judicial estoppel doctrine would be inequitable because it harms Mr. Atkins' creditors. "We review de novo [Mr. Atkins'] claim that the trial court erred in granting summary judgment in favor of [the LLC]." *Papageorge v. Banks*, 81 A.3d 311, 319 (D.C. 2013) (citing *Onyeoziri v. Spivok*, 44 A.3d 279, 283 (D.C. 2012)). Our analysis is guided by the following legal principles.

Generally, under bankruptcy proceedings, the Bankruptcy Trustee "is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed." *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794 (D.C. Cir. 2010) (internal quotation marks and citation omitted). Nevertheless, a bankruptcy trustee has the discretion to choose one of three actions with respect to a debtor's cause of action: "(1) intervene and assume prosecution as trustee, (2) consent to prosecution by the debtor for the benefit of the estate, or (3) decline prosecution." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 535 (4th Cir. 1997) (citations omitted). "[A]ny unliquidated lawsuits initiated by a debtor prepetition (or that could have been initiated by the debtor prepetition) become part of the bankruptcy estate subject to the sole direction and control of the trustee, unless exempted or abandoned or

otherwise revested in the debtor." *In re Bailey*, 306 B.R. 391, 392 (Bankr. D.D.C. 2004). Although a bankruptcy trustee may abandon or divest all of the bankruptcy estate's interest in property, causing the property to revert to the debtor, abandonment requires a formal process – notice and hearing. 11 U.S.C. § 554 (a) (2012); *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 496 (1986).

"[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999) (citation omitted). "The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . to suggest that it may have a possible cause of action, then that is a known cause of action such that it must be disclosed." *Id.* at 208 (internal quotation marks and citations omitted).

"Judicial estoppel is an 'equitable doctrine' invoked at a court's discretion to prevent 'improper use of judicial machinery.'" *Hardy v. United States*, 988 A.2d 950, 964 (D.C. 2010) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)); *see also, e.g.*, *Moses*, *supra*, 606 F.3d at 797 ("[A] majority of the circuits

that have addressed the issue apply the abuse of discretion standard." (internal quotation marks and alterations omitted)). "The doctrine protects the integrity of the bankruptcy system, and is meant to prevent parties from hiding causes of actions during bankruptcy proceedings, thereby obtaining a valuable benefit in the discharge of . . . debts, and then asserting [the causes of action] in order to win a second time." *Robinson v. District of Columbia*, No. 13-1297, 2014 U.S. Dist. LEXIS 10749, at \*10 (D.D.C. Jan. 29, 2014) (alterations in original) (internal quotation marks and citations omitted).

We generally consider three factors in deciding whether to apply judicial estoppel:

> First, [whether] a party's later position . . . [is] clearly inconsistent with its earlier position. Second, . . . whether the party has succeeded in persuading a court to accept the party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled . . . . [T]hird[,] . . . whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Ward v. Wells Fargo Bank, N.A.*, 89 A.3d 115, 127 (D.C. 2014) (alterations in original) (quoting *Mason v. United States*, 956 A.2d 63, 66 (D.C. 2008)).

In light of the applicable legal principles, we are not persuaded by Mr. Atkins' arguments. Our review of the record indicates that no genuine issue as to whether the Bankruptcy Trustee abandoned Mr. Atkins' cause of action was ever presented to the trial court for decision, and the issue simply was not addressed, as Mr. Atkins appears to recognize in his reply brief. As the trial court said in its order of September 4, 2013, Mr. Atkins cited to abandonment cases that "are not on point." Moreover, the Bankruptcy Trustee's communications to Mr. Atkins' attorney, dated May 14, August 16, and August 20, 2013, clearly indicate that he had not "abandoned" the personal injury cause of action (and could not do so without the authority of the bankruptcy court, following notice and hearing, *see Midlantic Nat'l Bank*, *supra*, 474 U.S. at 496). In addition, the Bankruptcy Trustee stated that Mr. Atkins "owns the cause of action" up to the amount of $23,500 and anything recovered in litigation above that amount belonged to the bankruptcy estate, and that the Trustee would not become a party to the lawsuit. The trial court reiterated in its September 4, 2013, order that, consistent with *Detrick*, *supra*, and consistent with the position taken by Mr. Atkins in the trial court, "the Bankruptcy Trustee made a deliberate decision to cede litigation to [Mr. Atkins] and only retain a right to any potential recovery after costs and a $23,500 exemption." Furthermore, the record does not support Mr. Atkins' apparent insistence on appeal that the trial court's orders should have recognized that Mr.

Atkins took the cause of action "as assignee of the estate, not as debtor," and thus, "the Trustee . . . exercised his right to appoint a representative to bring the claim on behalf of the Trustee and the bankruptcy estate." We see nothing in the record showing that the bankruptcy court authorized Mr. Atkins to proceed as "assignee of the estate," instead of as a debtor with respect to his $23,500 personal injury cause of action.

Finally, we reject Mr. Atkins' judicial estoppel contention. By attempting to position himself as an actor for the Bankruptcy Trustee, he seeks to deflect attention from the trial court's conclusion that he is judicially estopped from proceeding with his personal injury cause of action. We are satisfied that the trial court correctly applied the judicial estoppel doctrine in its extensive and thoughtful orders in this case. The court determined, as indicated above, that all three requirements of judicial estoppel were satisfied and we discern no abuse of discretion. *See Hardy*, *supra*, 988 A.2d at 964. Before he filed for bankruptcy, Mr. Atkins knew that the LLC was a substantial creditor and that he had a potential personal injury cause of action against the LLC. Yet, he did not include this potential claim on his Schedule C bankruptcy form. After he filed his personal injury lawsuit in the trial court, he waited for approximately one year before moving to reopen his bankruptcy proceeding in March 2013 to amend his Schedule

C, even though as early as October 4, 2012, the LLC had asserted as undisputed fact that he failed to list his personal injury cause of action, and despite the fact that he had "an express, affirmative duty" to disclose all potential claims. *In re Coastal Plains*, *supra*, 179 F.3d at 207-08. In addition, Mr. Atkins' effort to convince this court that the trial court improperly applied the judicial estoppel doctrine because it "harms" his creditors is unavailing. By not listing (and thus hiding) his potential personal injury claim on his Schedule C, and obtaining a valuable benefit for himself by successfully discharging his substantial debt to his major creditor, the LLC, Mr. Atkins' own actions disadvantaged his creditors, not the application of judicial estoppel against him. *See Robinson*, *supra*, 2014 U.S. Dist. LEXIS 10749, at \*10; *see also Hardy*, *supra*, 988 A.2d at 964.

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

*So ordered.*