*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-CV-0021

LUNA BELL PORTER, AND MARC ALBERT, TRUSTEE OF THE ESTATE IN BANKRUPTCY OF YOLANDA STEWART, APPELLANTS,

v.

HOWARD UNIVERSITY D/B/A HOWARD UNIVERSITY HOSPITAL, APPELLEE.

Appeal from the Superior Court of the
District of Columbia
(2019-CA-008178-M)

(Hon. Shana Frost Matini, Trial Judge)

(Argued January 23, 2024            Decided June 20, 2024)

*Steven M. Pavsner* for appellant.

*Andrew Butz,* with whom *Alan Block* was on the brief for appellee.

Before MCLEESE, DEAHL, and HOWARD, *Associate Judges*.

HOWARD, *Associate Judge*: Appellant Luna Bell Porter[1] brought a medical malpractice claim against Appellee Howard University.  While the medical

---

[1] During this appeal, by motion to substitute, this court granted Appellant Yolanda Marie Stewart's motion to substitute her new name Luna Bell Porter. However, while the matter proceeded in the trial court, Ms. Porter went by her previous name, Ms. Stewart.

malpractice claim was proceeding in the trial court, Ms. Porter's debts were discharged in a Voluntary Chapter 7 Petition for Bankruptcy. When Howard University learned of the bankruptcy, it filed a motion for summary judgment arguing that Ms. Porter should be judicially estopped from pursuing the medical malpractice claim because she failed to list the claim on her bankruptcy assets schedule and thus, was not the real party in interest to the suit. In the meantime, Ms. Porter reopened the bankruptcy matter and a trustee was appointed for Ms. Porter's bankruptcy estate. The trustee then filed a motion for substitution as the real party in interest with the trial court. On consideration of those motions, the trial court granted Howard University's motion for summary judgment, and rendered all other motions before it moot.

This court must address whether the trial court erred in granting the motion for summary judgment before it ruled on the trustee's motion for substitution as the real party in interest. We believe that it did, and therefore reverse and remand.

## I.   Factual Background

On November 27, 2019, Luna Bell Porter filed a Voluntary Chapter 7 Petition for Bankruptcy in the United States Bankruptcy Court for the District of Columbia. In the course of completing the standardized forms for the bankruptcy petition, Ms. Porter completed a summary of assets and debts where she indicated that she

did not have any "[c]laims against third parties, whether or not [she had] filed a lawsuit or made a demand for payment," including "rights to sue." Though she completed the application without the assistance of counsel, in a signed notice Ms. Porter "acknowledge[d] that [she understood] the risks involved in filing [a bankruptcy petition] without an attorney," including the obligation to "list all [of her] property and debts in the schedules."

Less than one month after filing her bankruptcy petition, on December 13, 2019, Ms. Porter filed a medical malpractice suit against Howard University Hospital ("Howard University") stemming from an allegedly improperly performed total hysterectomy in July 2015. Prior to filing suit, Ms. Porter obtained counsel and with their assistance sent Howard University notice of her intent to file suit pursuant to D.C. Code § 16-2802 in February 2019.

In the months following, Ms. Porter, without the assistance of counsel, amended her bankruptcy petition to include a new creditor, but failed to amend her assets to include the medical malpractice claim she filed against Howard University that was ongoing in the trial court. On March 1, 2020, Ms. Porter updated her summary of assets and debts to include an additional creditor in an amendment filed with the bankruptcy court. Two days later, the bankruptcy court informed Ms. Porter that a signed declaration must accompany any amendment to the schedule of her

assets or debts. On March 15, 2020, Ms. Porter filed a signed declaration with the bankruptcy court to accompany her inclusion of an additional creditor on her bankruptcy petition. Based on the petition and documents submitted by Ms. Porter, the bankruptcy court ordered her debts discharged, without notice of her claims against Howard University, on March 17, 2020.

In March 2022, more than two years after the instant action commenced, Howard University's counsel became aware of Ms. Porter's bankruptcy and alerted her counsel. Ms. Porter then retained counsel in the bankruptcy case, who on June 21, 2022, filed a motion to reopen the bankruptcy matter and direct the appointment of a trustee. Only at this point did Ms. Porter update her schedule of assets and debts to include a "[c]laim for personal injury against [t]he Howard University, Howard University Hospital, and others." On September 22, 2022, the bankruptcy court granted Ms. Porter's motion to reopen the bankruptcy matter and appointed Marc Albert as trustee of the estate.

In the meantime, Howard University filed a motion for summary judgment arguing that the trial court should dismiss the action because Ms. Porter did not have standing to sue by virtue of filing for bankruptcy without disclosing the claim—since the claim then belonged to the estate, not Ms. Porter. Howard University further implored the trial court to invoke the doctrine of judicial estoppel to bar Ms. Porter's

claim.  In November 2022, Mr. Albert, the trustee for Ms. Porter's estate, filed a motion for substitution with the trial court.  The trial court held a hearing on the motions on December 14, 2022, and heard arguments from counsel for Ms. Porter, Howard University, and Mr. Albert.  The trial court granted Howard University's motion for summary judgment after finding that each of the elements for judicial estoppel outlined in *New Hampshire v. Maine*[2] were satisfied.  The trial court explained those elements as requiring that: (1) "the position of the party must be clearly inconsistent with its earlier position," (2) "the party had succeeded in persuading a court to accept the earlier position so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled," and (3) "the party taking the inconsistent position was seeking to derive an unfair advantage or impose an unfair detriment on the opposing party."  The trial court found that the first element was satisfied because "[Ms. Porter's] position in her bankruptcy case was that she had no unliquidated claims, whether exempt or not.  And then [she] asserted the identical . . . malpractice claim in this proceeding."  For the second element, the trial court determined that "the trustee and the bankruptcy court w[ere] misled in believing that [the malpractice claim] did not exist.  And [Howard University] and this [c]ourt w[ere] also not aware of the pendency of the bankruptcy and the impact . . . that [it] should have had on

---

[2] 532 U.S. 742 (2001).

this case." The trial court further noted that Ms. Porter's bankruptcy case, if pending, could have "put [the trial court] in a position where it may act without jurisdiction."

With respect to the final element, the trial court determined that "[Ms. Porter] here derived an unfair benefit over her creditors," who "would have to expend [resources] again in addressing this potential claim." The trial court added that Ms. Porter derived an unfair advantage because "[her] creditors and [Howard University] here were unaware of this action, unable to possibly negotiate with the trustee and obtain a benefit from those proceedings for themselves."

The trial court, further, relied on this court's decision in *Dennis v. Jackson*[3] in granting summary judgment to Howard University. Acknowledging "there like here, judicial estoppel arose from the failure to disclose the medical malpractice claim as a potential asset in the bankruptcy case[,]" the trial court, nevertheless, observed that "[t]he timing in *Dennis* was far less compelling than it was here." The trial court explained that in *Dennis* approximately four months separated the bankruptcy being filed and the commencement of the civil case, but "[h]ere, the notice of intent to sue was . . . already on file when the bankruptcy case was filed. And the actual complaint was filed two weeks after the bankruptcy petition was

---

[3] 258 A.3d 860 (D.C. 2021).

submitted." The trial court also made mention of Ms. Porter's amendments to the schedule of assets and debts to include additional creditors. The trial court concluded, "there can be no dispute on these facts that [Ms. Porter] was aware of her pending claim against [Howard University] when she filed her bankruptcy and when she amended the schedules and she obtained the benefits of the bankruptcy proceedings." The trial court then denied the trustee's motion for substitution and all other motions as moot. Ms. Porter's timely appeal followed.

## II. Standard of Review

Here, Ms. Porter and the trustee, on behalf of her bankruptcy estate, challenge the trial court's grant of summary judgment premised on the trial court's finding of the applicability of the equitable doctrine of judicial estoppel. Generally, we review a trial court's grant of summary judgment de novo. *Onyeoziri v. Spivok*, 44 A.3d 279, 283 (D.C. 2012). However, when the trial court's judgment is based on judicial estoppel, we review for an abuse of discretion. *Dennis*, 258 A.3d at 873. We do so even if "the request for relief through judicial estoppel is brought to the trial court by way of a motion to dismiss, a motion for summary judgment, or any other procedural vehicle." *Id.*

"Broadly speaking, in reviewing whether a trial court abused its discretion—or, . . . exercised its discretion erroneously—our task is to determine whether the

decision maker failed to consider a relevant factor, whether [they] relied upon an improper factor, and whether the reasons given reasonably support the conclusion." *Ford v. Chartone, Inc.,* 908 A.2d 72, 84 (D.C. 2006) (internal quotation marks omitted) (citing *Johnson v. United States*, 398 A.2d 354, 365 (D.C. 1979)).

## III.    Discussion

### A.    The Trial Court's Grant of Summary Judgment Based on Judicial Estoppel

The Supreme Court has recognized that judicial estoppel is a doctrine whose "purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire*, 532 U.S. at 749-50 (internal quotation marks and citations omitted). Courts considers three elements when assessing whether a litigant should be judicially estopped from bringing a claim:

> First, [whether] a party's later position . . . [is] clearly inconsistent with its earlier position. Second, . . . whether the party has succeeded in persuading a court to accept the party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled . . . .    [T]hird[,] . . . whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Atkins v. 4940 Wisconsin, LLC*, 93 A.3d 1286, 1290 (D.C. 2014) (quoting *Ward v. Wells Fargo Bank, N.A.*, 89 A.3d 115, 127 (D.C. 2014)). We have previously determined that "the doctrine may be applied where a bankruptcy petitioner's knowing failure to disclose an asset creates any one of several kinds of inequities." *Dennis*, 258 A.3d at 871. Nevertheless, the Supreme Court has counseled that the doctrine is not subject to "inflexible prerequisites or an exhaustive formula for determining [its] applicability." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (quoting *New Hampshire*, 532 U.S. at 751).

In a factually similar case, *Dennis*, this court affirmed the trial court's decision to invoke the doctrine of judicial estoppel to preclude bankruptcy petitioners from later bringing a medical malpractice claim that they inadvertently or mistakenly failed to disclose to the bankruptcy court. 258 A.3d at 862. In that case, we emphasized that "[t]he pivotal issue is . . . whether the nondisclosure created an unfair detriment to the creditors or whether it obstructed the bankruptcy system itself." *Id.* at 869 (citing *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012)). We then found that the bankruptcy petitioners' failure to disclose created at least three potential scenarios sufficient for applying judicial estoppel—each of which were sufficient alone for the finding. *Id.* at 870-71. The bankruptcy petitioners failure to disclose resulted in "(1) harm to the bankruptcy creditors . . . ; (2) creation of an advantage for [themselves that] . . . left them free to sue for

damages that would have been subject to potential distribution to the creditors; and (3) . . . eliminating [the opposing party's] opportunity to settle the potential claims against them while the bankruptcy case was still open." *Id.* at 871.

With the factual similarities of these cases being readily apparent, the parties to the instant action focused their arguments on the applicability of *Dennis* to these facts on the inadvertence or mistake defense. We think, however, that any reliance on *Dennis* in the instant case is restrained by the interjection of the trustee in this action. In *Dennis*, the trial court (and this court on review) did not contemplate interfering with the rights of the bankruptcy trustee when it judicially estopped the bankruptcy petitioners from bringing a claim they omitted from their bankruptcy filings. 258 A.3d at 871-72. Here, when all parties to the action became aware of the previously granted bankruptcy, Ms. Porter retained bankruptcy counsel that took action to reopen the bankruptcy and disclose the malpractice claim to the bankruptcy court, resulting in the appointment of a trustee. Quite differently than *Dennis*, the instant case requires this court to determine whether the trial court abused its discretion by failing to consider the trustee's motion for substitution at the time it granted Howard University's motion for summary judgment.

We believe that it did. We have previously acknowledged the role of the trustee in these situations in *Dennis*:

> Where a potential civil action is identified as an asset in bankruptcy, the Trustee is obligated and empowered to determine what to do with it. The Trustee has a menu of options as to potential nonexempt damages, such as pursuing a settlement or explicitly abandoning the lawsuit as an asset but with an assignment of interest to the creditors. When this entire range of choices for the Trustee is silently eviscerated by a petitioner who hides a cause of action, the bankruptcy system itself has been evaded and disrespected.

258 A.3d at 872. This court and others have uniformly acknowledged that upon the filing of a Chapter 7 bankruptcy, the bankruptcy trustee "is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate . . . ." *See, e.g., Atkins*, 93 A.3d at 1289 (quoting *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794 (D.C. Cir. 2010); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (citations omitted); *Reed*, 650 F.3d at 575 (5th Cir. 2011); *Martineau v. Wier*, 934 F.3d 385, 392 (4th Cir. 2019); *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1154 n.3 (10th Cir. 2007). As such, the trustee may choose to pursue the debtor's claim for the benefit of creditors, allow the debtor to prosecute the claim for the benefit of the estate, or abandon the claim. *Atkins*, 93 A.3d at 1289 (citing *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 535 (4th Cir. 1997)). The bankruptcy petitioner only has a right to the claim, for his or her own benefit, if the trustee abandons the claim. *Parker*, 365 F.3d at 1272 ("Once an asset becomes part

of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor." (citation omitted)).

Importantly, the trustee is a separate and distinct party from the bankruptcy petitioner. *See* 11 U.S.C. § 704 (outlining the duties of the bankruptcy trustee, including where "advisable, oppos[ing] the discharge of the debtor"). In cases where a bankruptcy trustee sought to substitute as the real party in interest in an action that the bankruptcy petitioner failed to disclose, courts have generally determined that judicial estoppel should not apply to the bankruptcy trustee. *Reed*, 650 F.3d at 579 (affirming the trial court's determination that the bankruptcy trustee could pursue a claim, and "stat[ing as] a general rule that . . . an innocent trustee can pursue for the benefit of creditors a judgment or cause of action that the debtor fails to disclose in bankruptcy"); *Stephenson v. Malloy*, 700 F.3d 265, 272 (6th Cir. 2012) (holding that judicial estoppel does not apply to the bankruptcy trustee because "[the bankruptcy petitioner's] failure to disclose his claims does not bar the trustee from pursuing them"); *Eastman*, 493 F.3d at 1155 n.3 (granting the trustee's motion to substitute the bankruptcy debtor as plaintiff because the "application of judicial estoppel against the trustee was inappropriate"). Indeed, the common principle is that "judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, *while protecting the rights of creditors to an equitable*

*distribution of the assets of the debtor's estate.*" *Reed*, 650 F.3d at 574 (emphasis added).

Here, at the point that the trial court held a hearing to consider outstanding motions (including Howard University's motion for summary judgment), the trustee's motion for substitution was filed with the trial court, and the trial court and the parties agreed that the bankruptcy estate was the correct party in interest for the malpractice claim. At that time, the trial court should have considered the right of the trustee to pursue the claim—for the bankruptcy estate and ultimately for the benefit of creditors whose debts were extinguished in the bankruptcy proceedings— separate and apart from the bankruptcy petitioner's right to pursue the claim. The trial court instead granted Howard University's motion for summary judgment and rendered the trustee's motion for substitution moot, which foreclosed the trustee's ability to prosecute the case. We believe that decision was in error and the trial court should have permitted the real party in interest—the bankruptcy trustee—to substitute as Plaintiff before ruling on the dispositive motion.

Indeed, the trial court's decision compounds the very harm that it based part of its reasoning for granting judicial estoppel on, namely depriving Ms. Porter's creditors whose debts were discharged of the opportunity to benefit from her claim, which her bankruptcy estate, unlike the estate in *Dennis*, asserted its rights to.

Simultaneously, it provides a windfall to the appellee, which escapes any potential liability without regard to the merits. We do not see equity done in that result.

As a separate point, Howard University urges that the trustee's intervention should "only be for the limited purpose of pursuing a damages judgment against Howard sufficient to satisfy the claims of the creditors that the bankruptcy court . . . discharged." We need not address this argument at this time because it ventures into speculation that the trustee will: (1) pursue the claim, (2) prevail on the claim, and (3) receive damages in excess of the amount of Ms. Porter's debts being discharged, and thereby potentially return either the claim or some hypothetical residual remains to Ms. Porter after satisfying her creditors.

## B. Timeliness of the Trustee's Motion for Substitution

Howard University concedes that the trustee should be permitted to substitute into the case subject to one caveat—that we should remand on the issue of timeliness of the trustee's motion to substitute. To elaborate, Howard University argues that this court should remand to the trial court for further proceedings to determine whether the bankruptcy trustee's motion for substitution was within a reasonable time as required by Super. Ct. Civ. R. 17(a)(3) because there was no "substantive discussion of such timeliness issues." We disagree and believe that further proceedings for factual determinations are not necessary.

Super Ct. Civ. R. 17(a)(3) "prohibits dismissal of a complaint based on a failure to prosecute an action in the name of the real party in interest . . . , 'until a reasonable time has been allowed for substitution of that party.'" *Martin v. Santorini Capital, LLC*, 236 A.3d 386, 392 (D.C. 2020) (citing *Estate of Raleigh v. Mitchell*, 947 A.2d 464, 473 (D.C. 2008) (citations omitted)). "The real party in interest is the person holding the substantive right sought to be enforced." *Varnum Props., LLC v. D.C. Dep't of Consumer & Regul. Affs.*, 204 A.3d 117, 121 (D.C. 2019) (quoting *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 362 (5th Cir. 2014) (internal quotation marks omitted)). This court has interpreted Super. Ct. Civ. R. 17 to be akin to its federal counterpart, Fed. R Civ. P. 17. *Id.* ("Rule 17(a) is similar to its federal counterpart, Fed. R. Civ. P. 17(a)(3), which 'is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made' and to 'insure against . . . injustice.'" (quoting Fed. R. Civ. P. 17 advisory committee's note to 1966 Amendment)). The reasonable time for substitution for the real party in interest under Super. Ct. Civ. R. 17(a)(3) is a fact-specific inquiry. *See id.*

In the instant case, while the trial court did not make factual findings with respect to the issue of timing, the record satisfies us that the trustee filed its motion to substitute within a reasonable time, and thus should be permitted to do so under Super. Ct. Civ. R. 17. Ms. Porter's bankruptcy counsel petitioned that court to

reopen the bankruptcy case in June 2022. On September 22, 2022, the bankruptcy court reopened the case and a trustee was appointed for the estate. Shortly thereafter on September 27, 2022, Howard University filed its motion for summary judgment, but made amendments thereto until as late as early November 2022. Within two months of appointment, on November 18, 2022, the trustee filed its motion for substitution as the real party in interest after receiving authority from the bankruptcy court to pursue the claim.

While we do not excuse Ms. Porter's failure to identify the asset in her bankruptcy estate in the first instance, it is not her rights and benefit we are primarily concerned with here. In our view, the record demonstrates that the trustee, acting to preserve the bankruptcy creditor's rights, acted with due speed and diligence in filing its motion to substitute after Howard University's objection and its own appointment. We have routinely assessed reasonable time based on the speed in which the real party in interest has sought substitution after notice of the potential issue. *See Martin*, 236 A.3d at 397-98 (affirming dismissal because the real party in interest had both been aware and had more than a month to seek the substitution but instead "double[d] down on [their] decision to prosecute [the] claims" as a party other than the real party in interest). In our view, having only been appointed fifty-seven days before submitting the motion for substitution and with Howard University making amendments to its objections to the real party in interest

seventeen days before the motion was filed, the trustee's motion came within a reasonable time, considering that the trustee also had to seek authority from the bankruptcy court to retain counsel to pursue the claim. *See HRC Hotels, LLC v. Metro. Bd. of Zoning Appeals Div. II*, 8 N.E.3d 203, 208 (Ind. Ct. App. 2014) (holding that substitution sixty-four days after the defendant objected to the improper plaintiff was a "reasonable amount of time for the real party in interest to be substituted into the lawsuit"). *Cf. Estate of Raleigh*, 947 A.2d at 472-73 (affirming the trial court's denial of the trustee's motion for substitution where twenty-nine months elapsed before the real party in interest sought substitution and was on notice about a potential issue with the proper plaintiff).

## IV.   Conclusion

For the foregoing reasons, the trial court's grant of summary judgment in favor of Howard University is reversed, the trustee's motion for substitution is granted, Ms. Porter is dismissed from this action, and this case is remanded for proceedings consistent with this opinion.

*So ordered.*